Judge Owsley
delivered the opinion.
In pursuance to information given by the sheriff, the oounty court of Jessamine, at its May term, 1819, made an order directing WRham Oids to be summoned to ap* pear at the next terra of the court to shew cause why he should not be fined and trebly taxed for failing to give in his billiard table for taxation.
The process having been served on Olds, he appeared and moved the court to dismiss the prosecution on the grounds,
1st. That the penalty prescribed in such a case exceeds the jurisdiction of the county court.
2d That the information was not given by the sheriff, and the prosecution commenced within the time required by law.
3d. That inasmuch as it appears from the commissioner’s books that the billiard table was listed for taxation by Hawkins, the commonwealth should have pursued Hawkins for the tax, and not have prosecuted Olds for failing to enter the table for taxation.
The court, however, overruled Olds motion and exceptions were taken to the opinion of the court. This court entertains no doubt but tlie decision of that court is correct.
The act of assembly, prescribing the penalty for a fail-are to give a corr<ct list of taxable property, expressly gives, to the county eburt, jurisdiction of the offence. In such a case, it is not the amount in contest, but the of-fence in not giving in a correct list of taxable property, that regulates the jurisdiction, and for all such offences the proceedings are required to be had in the county court.
The proceedings, it is true, should be had in the mau-Ber, and within the time prescribed by law ; but we understand, that both as to the time and manner, the pro-•eedings in this case conform strictly to the requisitions of the law. Bv the act of the 3uth January, 181o, (ses. acts 1809, 120) prescribing the penalty, it is made the duty of the cammissioner of the tax to give information agaiost the first day of September in each year, of every delinquency in persons failing to give a true account of their taxable property, and as the information was not in the 1 r , . . present case given to the county court by the commission- *466 er5 butty tbs sheriff, and as it was not given until May, 1819' wbereas, by tbe act, it ought to have been given against the first of September, 1818, if there were no other act on the subject, the proceedings ought to have been dismissed on the motion of Olds. But bv an act of the 3d February, S8l3, (sés. acts, 181¾, 97) it is not only made the duty of the sheriff to give information, to the court, of all persons who he may know to have failed to give a correct list of their taxable properly'; but instead of requiring tbe notice to be given by the first of September, as'in the act of 1810, the time is prolonged until the first court after the first of May thereafter ; and on such information being given, the county court is required to order the delinquent to be summoned, &c.
That propsrty has been other does'1" not absolve the owner ⅛⅛-listing ft in his own name
If the facts expected to he proved by witness"1!* admitted, the party rbledintcftri al.
Under this latter act, therefore, the information given in the present case was in proper time, and the county court Was c&rrfect in proceeding with the prosecution.
Nor could the circumstance of the billiard table having been listed for taxation, by Hawkins, have justified the coorl *n dismissing the prosecution ; for if the table, in fact, belonged to Olds, he was bound to have listed it in bis own name for taxation, and cannot be excused for fail-⅛§ t0 do so, by the act of any other, in listing it in their name : and whether or not it belonged to Olds was properly a question of fact to be decided on the tria! of the prosecution, and was not properly the subject of investigation on the motion of Olds to dismiss tbe prosecution.
After Olds iiibtion, to dismiss the prosecution, was overruled, be again moved the court for a reconsideration, and on that motion the court Were equally divided in opi ion, and it is contended that the division of opinion should have resul ted in a dismission of the prosecution.
This court, however, thinks differently. Giving to the division of the court the most favourable'operation for Olds, it could have but authorized a reconsideration of the motion to dismiss, and if there had been a reconsideration, we have seen that it would have been irregular ia the court to have dismissed the prosecution.
Having failed in his motion to dismiss the prosecution, Olds moved the court for a continuance, on the ground of an absent witness, by whom, he swore, he expected to prove that tbe billiard table was sold to Hawkins, and by h'tn owned 8!*d entered for taxation as his property.— Whereupon tbe attorney for the commonwealth admitted *467 the statements made by Olds, and on that adm¡ssion<01qs was ruled to trial.
is ad mitted, the com’lth may shew such sale was Notwith-fact'of Ihe'** saie 0f property fraudulent,
⅛⅝* list property, partakes of a ^ecuti™ and the party ac-cased has a heard^Unless he waives that right,
In the progress of the trial, Olds, objected to the introduction of evidence tending to.contradiet the facts which he stated m his affidavit he expected to,prove by the absent witness, but his objection, was overruled and evidence introduced in contradiction to those facts, or going to shew that the sale of the billiard table, to Hawkins, was fraudulent.
This court perceives no solid objection to the admission of the evidence. YVe apprehend the admissions of the attorney ought not to be construed otherwise than as an a: greement to admit the affidavit of. Olds to have the same operation in proving the facts therein mentioned, as if they had been proven by the absent, witness.; and, if the facta bad been proven by the absent witness, it would;certainly have been competent for the attorney for the commonwealth to have controverted, the facts,by. the, introduction of other evidence.
After the evidence was gone through, the attorney for Olds asked permission, of the court to be beard on the evi-deuce, but »he court, observing that, they understood they were to decide the else without agreement, refused to hear any, notwithstanding theexpress. declarations of the ajtor-ney of Olds, that he had; never intimated an intention not to argue the cause od the merits.
The only difficulty growing out of this branch of the cause results from the confused statement of facts,contained in the bill of exceptions. ThatThis case partakes of the nature of a criminal prosecution there can be no question, and: in all such cases the constitution of this country has guaranteed to the accused;the right to be beard,by himself and counsel. It is a right, however, that the exercise whereof may be waved by. the accused, end the only question about which we have bad any difficulty* iy whether, in this case, the right was waved. We are inclined, however, to the opinion that nothing was done by either Olds or his attorney which ought to be construed into a waver of the right to be heard. The bill of exceptions contains the statement of no fact from which such q waver can be implied, The court say, they understood that the cause was to be decided by them without argument ; but we are not informed from what facts their inference was deduced, and we are told by the bill of ex- *468 eep4ions, tliat no msent was given by Olds attorney to a decision without argument.
Rtn-aust. therefor», the counsel <>f Olds was rot permitted to argue the cause, the judgment must he reversed, acd ¡he ( iuse n mu ded to the ourt below and a new trial there had not inconsistent with this opinion.