CASE 62.—PROSECUTION    BY    THE    COMMONWEALTH
    AGAINST WILLIAM HINTON FOR MURDER.—Sep-
    tember 23, 1909.

## Hinton v. Commonwealth

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

Defendant convicted of voluntary manslaughter
and appeals.—Affirmed.

1.  Criminal Law—Appeal—Weight of Evidence.—Where the evi-
    dence justifies submission to the jury, a judgment of con-
    viction will not be reversed because in the opinion of the
    Court of Appeals a preponderance of the evidence was in
    favor of accused's innocence.

2.  Witnesses—Competency—Conviction of Crime—Construction
    of Statute.—Under Ky. St. Sec. 1180 providing that, if one be
    convicted of offenses described in preceding sections (in-
    cluding false swearing), he shall be disqualified from being a
    witness in any case, a person on trial for murder who had
    previously been convicted of false swearing was disqualified
    from testifying in his own behalf, notwithstanding Cr. Code
    Prac. Sec. 223, subd. 1, providing that in criminal prosecu-
    tions accused on his own request shall be allowed to testify
    in his own behalf.

3. Criminal Law—Trial—Misconduct of Counsel.—In a murder trial, where the state had prevented accused from testifying in his own behalf because of his previous conviction of false swearing, and his counsel in argument had complained that the state by objecting to accused's testimony was keeping some of the evidence from the jury, language in the county attorney's argument that: "We are not responsible for Wes Hinton (accused) being a perjurer, and being thus deprived of the right to testify in his own behalf. We are sorry for him and sorry for his family, but it is a matter in which we are not to blame"—was not improper.

4. Criminal Law—Trial—Misconduct of Counsel.—In a murder case, where accused's counsel made an appeal to the jury not to convict his client and send him to the penitentiary, and thus deprive his wife and little girl of the companionship of the husband and father, it was not improper for the county attorney in his argument to state that: "We do not think he is a fit associate for his wife and sweet little girl."

5. Criminal Law—Trial—Argument of Counsel.—In a murder case, it appeared that shots had been exchanged between decedent and accused, and witnesses had testified that there was a difference in the sound of the two pistols used. The defense showed that the pistol which made the loudest report was first fired, and that decedent had the pistol of largest caliber. Held, that the exhibiting of certain pistol cartridges ranging in caliber from 32 to 38 by the county attorney during his argument to illustrate his contention that, though accused had the smaller pistol, if he was using a long cartridge while decedent was using a short cartridge, the pistol of smaller caliber would make a louder report than the larger one, was not prejudicial to accused, though the cartridges had not been used in evidence.

WALKER WILKINS and J. L. ROGERS for appellant.

POINTS AND AUTHORITIES.

1. The court erred to the prejudice of the substantial right of appellant in refusing to allow him to testify, upon his own request, in his own behalf.    Sub-sec. 1 of Sec. 223 of the Criminal Code.

2. Misconduct of the county attorney consisting in making statements which were not in evidence, in the presence of the jury, all of which were prejudicial to the substantial rights of the appellant. Baker v. Commonwealth, 106 Ky. 212; Cargill v. Commonwealth, 93 Ky. 578; Dilger v. Commonwealth, 88 Ky. 553; Gil-

bert v. Commonwealth, 106 Ky. 919; Rhodes v. Commonwealth, 107 Ky. 534; Mount v. Commonwealth, 27 R. 788; Howard v. Commonwealth, 24 R. 1854; Powers v. Commonwealth, 26 R. 1133.

3.   The county and commonwealth's attorneys erred to the prejudice of the substantial rights of appellant in commenting in their arguments before the jury on the fact that appellant was not allowed to testify and thus created a presumption in the minds of the jury against him.  Sub-sec. 1 of Sec. 223 of the Criminal Code; American & Eng. Encyc. of Law, 1st Ed., Vol. 29, page 681; Commonwealth v. Scott, 123 Mass. 241; Parrott v. Commonwealth, 20 R. 761.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for Commonwealth.

### COMMONWEALTH'S CONTENTIONS.

The Commonwealth earnestly contends:

1st.   That the Court did not err in refusing to permit the appellant to testify in his own behalf but followed the provisions of the statute in all manner and respect made in such cases and provided.

2nd.   That the alleged misconduct of the County Attorney in arguing the case to the jury is not substantiated by the facts, as shown in the record, and the County Attorney did not exceed the just and proper boundaries as have been prescribed by this Court, as well as by the Code, in making his argument.

3rd.   That no error was committed by the Court in permitting the County and Commonwealth's Attorney to make certain statements concerning the fact that the appellant had been convicted in the Todd Circuit Court for the crime of false swearing.   They did not comment upon the fact that he was denied the privilege of testifying, in the meaning of the limitations prescribed by the Code.

4th.   That the appellant had a fair and impartial trial before a jury of his peers, and that no errors of either law or fact were committed which prejudiced any of his substantial rights in the least, and he should not now be heard to complain of the judgment against him.

### AUTHORITIES.

Section 223, Crimnal Code; Section 1180, Kentucky Statutes; Section 460, Kentucky Statutes; Commonwealth v. Welch, 111 Ky. 530; 87 Ky. 201; 89 Ky. 204; 93 Ky. 76; Leslie v. Commonwealth, 19 R. 1202; Baker v. Commonwealth, 20 R. 1778; Parker v. Commonwealth, 21 R. 407; Pennington v. Commonwealth, 21 R. 553;

vol. 134—33

Ashcraft v. Commonwealth, 22 R. 1542; Johnson v. Common-
wealth, 22 R. 1885; Bishop's New Criminal Law, Sec. 972; 1st.
Greenl. Ev., 372, 373; Housman v. Commonwealth, 128 Ky. 818;
Kelly v. Commonwealth, decided June 9, 1909; Mullins v. Com-
monwealth, 108 S. W. 252; Alderson v. Commonwealth, 25 R. 32.

OPINION OF THE COURT BY JUDGE BARKER—Affirm-
ing.

The appellant, Wes Hinton, was indicted by the
grand jury of Muhlenberg county, charged with the
willful murder of Roy Greer. The petit jury which
tried the case found him guilty of voluntary man-
slaughter included in the indictment, and fixed his
punishment at confinement in the penitentiary for
the term of five years. To reverse the judgment en-
forcing this verdict he is here on appeal.

The appellant and Roy Greer, with several others,
had been engaged in gambling and drinking just
prior to the tragedy which resulted in the death of
Greer. A quarrel arose between appellant and Greer
for which no satisfactory reason is given in the evi-
dence. Both men were armed, and after some words
opened fire upon each other, with the result above
stated. We do not deem it necessary to say as to
the facts more than that the evidence fully justified
the submission of the case to the jury, and, this being
true, under our well-settled rule, we will not reverse
the judgment because in our opinion a preponderance
of the evidence was in favor of the innocence of the
accused. His guilt or innocence being, as we have
often said, a question peculiarly within the province
of the jury, we will look into the evidence only to
ascertain whether or not there was sufficient to au-
thorize the trial court to give the case to the jury
at all. The appellant does not complain of the instruc-

tions given by the trial judge, and, indeed, these seem to be beyond the reach of adverse criticism.

The first error relied on for reversal is the refusal of the court to allow the defendant to testify in his own behalf. When the defendant offered himself as a witness, he was asked upon the voir dire examination whether he had not been convicted and sen- tenced in this state for the crime of false swearing, to which he answered in the affirmative. Thereupon the court sustained the objection of the common- wealth to the competency of the appellant as a wit- ness. The ruling of the court was based upon the language of section 1180, Ky. St., which is as follows: "If any person be convicted of either of the offenses described in the seven preceding sections (one of these being false swearing), he shall ever afterward be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case what- ever."

The appellant insists that the first subsection of section 223 of the Criminal Code of Practice au- thorized him to testify in his own behalf, notwith- standing the provision of the statute above quoted. Subsection 1 is as follows:

"That in all criminal and penal prosecutions now pending or hereafter instituted in any of the courts of this commonwealth the defendant on trial, on his own request, shall be allowed to testify in his own behalf, but his failure to do so shall not be com- mented upon, or be allowed to create any presumption against him or her." This provision of the Code was enacted for the general purpose of allowing parties charged with crime to testify in their own behalf; such persons, before the enactment of the provision, being incompetent to testify against the common-

wealth. But it·does not follow that persons charged with crime who are specifically disqualified by the provisions of the statute are nevertheless made competent by the provision of the Code; and especially is this true when we bear in mind that the statute was enacted subsequently to the provision of the Code relied upon by appellant. The same process of reasoning, if applied to section 605 of the Code of Civil Practice, would render section 1180 of the statute entirely nugatory. Section 605·is as follows:

"Subject to the exceptions and modifications contained in section 606, every person is competent to testify for himself or another, unless he be found by the court incapable of understanding the facts concerning which his testimony is offered." Now, here is a general law which in language is quite as comprehensive as that of the Code of Criminal Practice which renders every person (except in certain specified cases not here involved) competent to testify for himself or another. Prior to the enactment of this section, parties in interest were incompetent to testify for themselves in any case, and it was the object of the statute simply to remove this general incompetency. Section 1180, Ky. St., as said before, was enacted subsequently to the Code provisions, and therefore is neither repealed nor modified by them. The language of the statute is so comprehensive that it leaves no room for doubt that it was intended by the Legislature to disqualify all persons convicted of any of the various branches or grades of perjury or false swearing from testifying or in any way giving evidence in any judicial investigation. This disqualification is a part of the punishment for the commission of the offense, and there is no good reason why the court should hesitate to enforce it.

Appellant complains that the county attorney was guilty of misconduct in the closing argument in commenting upon the fact that he was not allowed to testify. The language complained of is as follows: "We are not responsible for Wes Hinton being a perjurer, and being deprived of the right to testify in his own behalf. We are sorry for him, and sorry for his family, but it is a matter in which we are not to blame. We do not think he is a fit associate for his wife and sweet little girl."

The county attorney filed his own affidavit, admitting the use of the language complained of, but showing that it was said in response to the argument of defendant's counsel that the state, by objecting to Hinton's testifying, was keeping some of the evidence from the jury; that to meet this charge he used the language complained of. We think this was proper, and, indeed, do not see how the commonwealth could have met the charge made by counsel for defendant in any other way. The affidavit of the county attorney also shows that the counsel for defendant made an appeal to the jury not to convict his client and send him to the penitentiary, and thus deprive his wife and little girl of the companionship of the husband and father. To meet this plea the representative of the state said:

"We do not think he is a fit associate for his wife and sweet little girl." We do not see why, under the circumstances, this was not a legitimate argument. The defendant had been convicted of perjury, and was then being tried for killing a human being in a quarrel which originated while he and his victim were drinking and gambling.

There was other language used by the county attorney which is complained of, but the use of this

language was denied, and the trial court evidently found in favor of the commonwealth upon the issue thus raised. The language itself was of a similar character to that already set forth, and, even had it been used, was justified by the facts. The county attorney also exhibited during his argument certain pistol cartridges ranging in caliber from 32 to 38. This was done to convince the jury that a long 32-caliber cartridge would make as loud a report as a short 38-caliber cartridge; in other words, that a long 32-caliber cartridge had as much powder in it as a short 38-caliber. These cartridges had not been used in evidence, but we are unable to see that the defendant was unjustly injured by what took place. Some of the witnesses had testified that there was a difference in the sound of the two pistols used, and the defense showed that the pistol which made the loudest report was fired first, and that the decedent had the pistol of largest caliber. The county attorney was undertaking to show that, although the appellant had the smaller pistol, if he was using a long cartridge, while the decedent was using a short cartridge, the pistol of smaller caliber would make a louder report than the larger one. Whether there was anything in this argument or not we do not undertake to say; but the exhibition of the cartridge added nothing to its value, and could not in our opinion have been prejudicial to the interest of the defendant.

Upon the whole case, we are satisfied that the defendant had a fair and impartial trial, and has no just ground of complaint of the result.

Judgment affirmed.