## Roberson v. McKinley Woodfork, By, et al.

(Decided October 9, 1913).

### Appeal from Hickman Circuit Court.

1. Witnesses—False Swearing—Disqualification—Section 1180, Kentucky Statutes.—Since under Section 1180, Kentucky Statutes, one convicted of false swearing is disqualified from thereafter testifying, it is not error to refuse to permit a party to testify who admits, without objection, that he has been convicted of false swearing, and offers no evidence of a pardon.

2. Witnesses—Disqualification for Conviction of False Swearing— Pardon—Effect of.—A pardon restores the privilege of testifying to one disqualified by a conviction of false swearing, pursuant to Section 1180, Kentucky Statutes.

3. Instruction—Measure of Damages.—An instruction defining the measure of damages as "damages sustained, if any, not exceeding the sum claimed in the petition, $2,000," is erroneous.

4. Assault and Battery—Matter of Provocation—Kentucky Statutes, Section 73-a.—Under the provisions of Section 73-a, Kentucky Statutes, matter of provocation in an action for assault and battery can only be given in evidence in mitigation of punitive damages.

R. B. FLATT for appellant.

J. D. VIA for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

McKinley Woodfork, suing by his next friend, Ed. Thomas, brought this action against defendant, Elias Roberson, to recover damages for assault and battery. The defendant, after denying the allegations in the petition, pleaded that he struck plaintiff in necessary defense of his granddaughter, who, at the time, was being assaulted by plaintiff. He also pleaded a settlement. The case was submitted to a jury, which returned a verdict in favor of plaintiff for $775. The defendant appeals.

Briefly stated, the evidence for plaintiff is as follows:

Plaintiff is a colored boy about ten years of age. Just prior to the assault he was riding in a buggy. Defendant's granddaughter threw dust in his eyes. He then got out of the buggy and threw dust on her. He then proceeded towards defendant's house. When he reached defendant's house defendant struck him in the mouth with a cane, knocking out two of his teeth and otherwise injuring and bruising his face. According to the evidence for the defendant, plaintiff struck defendant's granddaughter in the face and caused it to bleed, and was following her up at the time defendant struck plaintiff. Defendant never struck plaintiff in the mouth, but struck him in the back, and plaintiff fell and knocked out his teeth.

The first error relied on is the exclusion of the defendant as a witness. By section 1180, Kentucky Statutes, a person convicted of false swearing is disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever. On being introduced as a witness, defendant testified without objection that he had been convicted of false swearing and sentenced to the penitentiary. Thereupon the trial court declined to permit him to testify. Defendant insists that this action was prejudicial, because, as a matter of fact, he had been subsequently pardoned. However, there was neither proof nor offer of evidence of a pardon. That being true, the court did not err in refusing to permit the defendant to testify. On another trial, if there be competent proof of a pardon, the court will permit the defendant to testify, notwithstanding his conviction of false swearing, for the effect of a pardon is to relieve the person pardoned of all the legal con-

sequences of his crime, and restore to him all his civil rights.   (Ex parte Garland, 4 Wall (N. S.), 333; Bishop's Criminal Law, 916; 4 Blackstone Comm., 402; Cowan v. Prowse, 93 Ky., 156.)

It is next insisted that the trial court erred in its instruction on the measure of damages.   The court, in instruction No. 1, after submitting to the jury the question whether or not defendant assaulted and bruised plaintiff, and whether or not by reason of such acts, plaintiff did suffer great physical pain and mental suffering, thereby damaging plaintiff, added this clause: "You will find for him the damages sustained, if any, not exceeding the sum claimed in the petition, $2,000." It is manifest that by the foregoing expression the court attempted to give to the jury an instruction on the measure of damages.   It is equally manifest that the instruction furnished them no guide by which to measure the damages, but gave them full rein to fix the damages on any basis that they saw proper.   Such an instruction has been frequently condemned and held to be error by this court.   L., H. & St. L. Ry. Co. v. Roberts, 144 Ky., 820; Adkins' Adm'r. v. C., St. L. & N. O. R. R. Co., &c. v. Hoover, 147 Ky., 233.

As the case must be remanded for a new trial, we deem it proper to say that the plea of settlement has no place in the case, for the reason that plaintiff's stepfather, who was not his guardian, was without authority to compromise plaintiff's claim.   The court will also omit the instruction permitting the assault by plaintiff on defendant's granddaughter to be considered by the jury in mitigation of compensatory damages.   Such matter of provocation can only be pleaded and given in evidence in mitigation of punitive damages.   Section 73a, Kentucky Statutes.   For a full discussion of this question, see Renfro v. Barlow, 131 Ky., 312.   Indeed, as that case indicates the character of instructions to be given in an action of this kind, the trial court, on another trial, will instruct the jury as therein indicated, with such modifications as are necessary to meet the facts of this case.

Judgment reversed and cause remanded for proceedings consistent with this opinion.