## Singleton v. Commonwealth.

(Decided April 18, 1916.)

### Appeal from Mercer Circuit Court.

Witnesses—Conviction for False Swearing Disqualifies.—Under section 1180 of the Kentucky Statutes, any person who has been convicted of the crime of false swearing, and who has not been pardoned, is disqualified from giving evidence in any judicial proceeding or from being a witness in any case whatsoever.

E. H. GAITHER for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

The only question in this case is the correctness of the ruling of the lower court in refusing to allow one Buell Singleton to testify on behalf of appellant on the trial of the case. The evidence of this offered witness was rejected because he had been convicted of the crime of false swearing.

Section 1180 of the Kentucky Statutes provides that if any person be convicted of the crime of false swearing "he shall ever afterwards be disqualified from giving evidence in any judicial proceeding or from being a witness in any case whatever."

The argument of counsel for the appellant is that in the enactment of this section it was only the intention of the legislature to disqualify the person so convicted from testifying for himself, and that it should be so construed.

The obstacle in the way of this construction is that the language of the statute excludes it. It peremptorily disqualifies a person who has been convicted of false swearing from giving evidence in any judicial proceeding or from being a witness in any case whatsoever. And there is no constitutional limitation that we are aware of on the power of the legislature to impose a disqualification like this.

In Hinton v. Com., 134 Ky. 511, and Roberson v. Woodford, 155 Ky. 206, the court held that a person who had been convicted of false swearing and who had not been pardoned, could not testify for himself; and it is

conceded that it was competent for the legislature to disqualify a person convicted of crime from testifying for himself, but insisted that this prohibition should not be extended so as to exclude a person from testifying when his testimony is offered in behalf of another person. There might be some reason for making a distinction like this, but the legislature did not see fit to do so. As we look at the matter, the question is one that addressed itself to the lawmaking department, and it saw proper to impose the additional punishment directed by the statutes on persons convicted of certain offenses.

The judgment is affirmed.