# Walker v. Rogers.

(Decided June 16, 1925.)

## Appeal from Spencer Circuit Court.

1.  Appeal and Error—Exclusion of Question Intended to Lay Ground for Contradiction of Plaintiff as Witness Held Not Prejudicial, in View of Record.—In suit for damages for assault, exclusion of question asked plaintiff on cross-examination, to lay ground for his contradiction, held not prejudicial, where record did not show that defendant made an avowal of what witness would have said in answer thereto, and there was nothing in record to show what answer he would have given.

2.  Witnesses—Exclusion of Question as to How Much Plaintiff was Engaged in Liquor Business Held Not Erroneous.—In suit for damages for assault, after plaintiff had testified that he was not engaged in the liquor business very much, exclusion of question. "How much?" held not erroneous since fact which witness admitted was only fact provable against him.

3.  Witnesses—Cross-Examination as to How Many Times Plaintiff had Been Fined for Selling Whiskey Held Properly Excluded.— In suit for damages for assault, cross-examination as to how many times plaintiff had been fined for selling whiskey was properly excluded.

4.  Assault and Battery—Evidence Held to Make Case for Jury.— In suit for damages for assault, evidence held to make a case for jury.

5.  Appeal and Error—Instruction on Measure of Damages for Assault Held Not Prejudicial.—In suit for damages for assault, instruction on measure of damages held not prejudicial to defendant.

6.  Appeal and Error—Instruction on Self-Defense in Suit for Assault, Held Not Prejudicial.—In suit for damages for assault, instruction on self-defense, held not prejudicial to defendant.

ERNEST N. FULTON, J. W. CRUME and THAD CHEATHAM for appellant.

EDWARDS, ODGEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Hugh Walker, was the owner of a farm in Spencer county, and appellee, Rogers, was his tenant, cultivating tobacco, in June, 1923. Rogers is a large man physically, while Walker was rather small. As Rogers was going from his tobacco patch along the highway to his house about noon on June 15th, he saw Walker

working in a patch near his residence, and stopped for a conversation. There was a fence between them and they were several yards apart. At first the conversation was about the weather and farming, but finally it drifted into a dispute about who should pay for a tobacco plant bed from which Rogers was taking plants, with which to set his patch that was being cultivated on the shares on the lands of Walker. There were two or three other persons present. Rogers claimed that Walker agreed to pay for one-half of the bed which cost $12; while Walker insisted he had not made such an agreement and rather indicated he would not pay for the plants. According to the evidence each called the other vile names. When the quarrel got hot, Walker ran into his house, which was some twenty or thirty yards away, and soon returned with a repeating shotgun. In the meantime Rogers, who was in the road with two other men, walked on in the direction of his home and was about 100 yards or more from Walker when Walker came out of his house, and pursued Rogers a short distance. Walker says he did not follow Rogers, but holloed to Rogers to stop and fired one shot at Rogers when, as he says, Rogers was fumbling in his bosom as if to draw a pistol. Rogers was not armed, as subsequent events proved, and he claims he was not fumbling in his bosom and had no weapon whatever, being dressed only in a hickory shirt, pair of trousers, shoes and hat. The shots struck Rogers in the back, shoulders, side of the face and one shot entered his eye. Rogers explained this by saying that when Walker called to him he looked back over his shoulder just as Walker fired the gun; that he was going away from Walker at the time the gun was fired; that he was wholly unarmed and was making no demonstration against Walker. The evidence of other witnesses largely support Rogers.

The case was submitted to a jury which returned a verdict reading: "We, the jury, find for the plaintiff in the sum of $250.00 for professional bill and the sum of $1,250.00 punitive damages."

From the judgment entered upon this verdict Walker appeals, insisting that the judgment should be reversed, (1) because the trial court refused to admit competent evidence for appellant, and (2) admitted incompetent evidence against him, and (3) the court erroneously instructed the jury.

Appellant sets out in his brief evidence which he says was competent but which the court refused to allow to go to the jury. For instance he says that his counsel asked appellee Rogers, "Q. Was this question asked you on the examining trial and did you make this answer: 'You did not hear Mr. Walker say anything insulting?' And did you make this answer, 'No. Sir'?" This question was asked on cross-examination and was intended to lay the ground for contradiction of appellee as a witness. We think the court might properly have permitted the witness to answer this question, but its failure to do so does not appear to us to have been prejudicial under the facts of this case. The record does not show that appellant made an avowal of what the witness would have said in answer to the question and there is nothing else in the record to show what answer he would have given. This being true it is difficult for the court to determine the relevancy or importance of the question propounded.

It is next insisted by appellant that the court declined to allow his attorney to ask appellee, then plaintiff, after he had answered he had not been engaged in the liquor business "very much," the question, "How much?" Clearly that question was incompetent. It is doubtful if the first question upon the subject was competent on the trial of this case. Certainly when the witness answered that he had not been in the liquor business "very much," he admitted that he had been in it to some extent, which was the only fact provable under the circumstances against appellant. The court properly sustained the objection to the question of "how much." The court also properly sustained the objection to the question of "How many times have you been fined for selling whiskey?" Some other matters of like importance were ruled incompetent by the court, and we think properly so.

Appellant lastly insists that the instructions given by the court to the jury were erroneous and that the court erred in overruling his motion for a directed verdict in his favor. Certainly there was no room for a peremptory instruction in favor of appellant Walker. The court instructed the jury to find for plaintiff, Rogers, such a sum as it believed from the evidence would reasonably compensate him for any reasonable expense incurred for medical and hospital bills not to exceed $250.00, and for any mental or physical pain or

humiliation of feeling endured by Rogers, and if the jury believed from the evidence that the injuries inflicted upon Rogers were permanent to find for him such sum as would reasonably compensate him for any mental or physical pain or humiliation suffered or which it was reasonably certain he would suffer in the future by reason of the wounds inflicted by Walker, and for any impairment of his power to earn money in the future as the direct result of his injuries, and further if the jury believed from the evidence that said assault and wounding was wilful, wanton and malicious, the jury may, in its discretion, in addition to compensatory damages, award the plaintiff punitive damages, that is, damages by way of punishment, not to exceed in all $20,250.00, the amount claimed, unless the jury believes as in instruction number 2.

By instruction number 2, the jury was told that if it believed from the evidence that at the time Walker shot Rogers he believed and had reasonable grounds to believe that he was then and there in danger of death or great bodily harm at the hands of plaintiff, then the defendant had a right to use such means as in reason appeared to him to be necessary to avert such danger, real or to him apparent, even to the shooting and wounding of Rogers, and if the jury believe from the evidence that Rogers was about to inflict injury upon Walker at the time Walker shot him, to find for Walker.

No defect of consequence in the instructions is called to our attention by counsel for appellant and we are unable to discover any that is prejudicial to the substantial rights of appellant. Although appellant testified that Rogers had a knife in his hands while he was talking with appellant before appellant went into the house to get the gun, it is certain that appellant was in no danger from the knife in the hands of Rogers while the latter was going in the opposite direction and at a distance of more than 100 yards.

If appellant believed and had reasonable grounds to believe that Rogers was about to inflict death or some great bodily harm upon him at the time he fired the shot which injured Rogers, he was entitled to an acquittal and the court so instructed the jury. He also told the jury in substance it could not find for plaintiff if it believed that the defendant Walker believed and had reasonable grounds to believe that he was in danger of death or the infliction of serious bodily harm at the hands of Rogers at the time he fired the shot. Walker

had no right to shoot Rogers unless it was necessary or appeared to him to be necessary to avert impending danger to himself. The jury no doubt concluded from the evidence that Walker was not in any danger from Rogers at such great distance. Certainly Walker had no right to shoot Rogers at the time he did for calling him names when they were quarreling before Walker went to the house.

The injury received by Rogers was serious. His eye ball was removed. About eight shots struck him in the face and others struck him in the shoulder, arm and back. He was carried to a hospital and operated upon. In the light of all these facts the verdict seems trivial.

In the absence of any prejudicial error to the substantial rights of appellant Walker the judgment is affirmed.

Judgment affirmed.