Reversing.
In this action for assault and battery in which the plea wasson assault demesne, the appellee, plaintiff below, recovered a judgment for $2,000.00, to reverse which this appeal is prosecuted.
Only two witnesses testified concerning the facts of the actual fracas, the appellant and the appellee, the testimony of each of which bore out their respective sides of this controversy.
The court submitted the case to the jury under two instructions, both of which are complained of on this appeal. The first of these is a literal copy of instruction number one approved in the similar case of Walker v. Rogers, 209 Ky. 619,273 S.W. 439, and the court committed no error in giving it.
Instruction number two reads:
 "If the jury believe from the evidence that at the time defendant struck the plaintiff, the plaintiff first assaulted or struck defendant, and the defendant in good faith believed and had reasonable grounds to believe that she, the defendant, was then and there in danger of bodily harm, about to be inflicted upon her by plaintiff and that the defendant used no more force than was necessary or appeared to be in the exercise of a reasonable judgment, to be necessary to protect herself from injury at the hands of plaintiff, it will find for the defendant unless the jury believe from the evidence that the defendant brought on the difficulty by first striking or assaulting plaintiff in which event it cannot find for the defendant on the ground of self-defense." *Page 625 
Appellant complains particularly of this part of that instruction:
 "And the defendant used no more force than was necessary or appeared to be in the exercise of a reasonable judgment to be necessary to protect herself."
Her complaint in this regard is well founded. The issue, as thus submitted to the jury, was whether it appeared to it to be necessary for appellant to use the force she did to protect herself. The issue should have been whether it appeared necessary to appellant in the exercise of a reasonable judgment on her part to use the force she did to protect herself. Taylor v. Franklin, 208 Ky. 43, 270 S.W. 462.
Appellant also complains because the court permitted appellee to elicit from her on cross-examination the fact that her husband, from whom she was separated, had sued a Mr. Wilson for alienating her affections. Appellee claimed, in this trouble, that appellant had accused her of flirting with this Wilson and in her angry jealousy had assaulted her. It is clear that such evidence was incompetent. The suit of appellant's husband of itself established no intimacy between appellant and Wilson and did not prove that Wilson was the custodian of her affections. Appellee had nothing to do with that suit.
Although it was competent to show that appellant was jealous of Wilson in order to explain her actions as detailed by appellee, it could not be proved in this fashion. On the next trial, the court will exclude this testimony.
As this case must be reversed for the reasons hereinbefore set out, we will not pass on the question of the excessiveness of the verdict as such question may not be presented on the next trial.
Judgment reversed.