## Fightmaster v. Skoll.

(Decided October 25, 1929.)

LLEWELLYN F. SINCLAIR and SWINFORD & SWINFORD for appellant.

FORD & FORD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Lon Fightmaster has appealed from a $750 judgment recovered against him by Robert Skoll. It is apparent from this record these men were not the best of friends. They met casually at the depot in Hinton on August 29, 1927. Neither was then in good physical condition. Fightmaster was suffering from a cancer, and Skoll was convalescing from injuries received in an automobile accident, and was walking with a cane.

Skoll opened the conversation by proposing to sell some shoats. Fightmaster said he did not want to buy from Skoll. One word brought on another; both men became angry; their language became insulting. A fight resulted, in which Skoll struck Fightmaster on the head with his cane and cut a gash in it, and Fightmaster cut a small gash in Skoll's chest with his pocketknife.

Skoll sued Fightmaster for $1,500 damages on account of his injuries and for medical and surgical expenses. Fightmaster traversed the petition, pleaded son assault demesne, and made a counterclaim of $1,000 for

injuries he had sustained. The issues were submitted to a jury and resulted as stated. Fightmaster moved for a new trial upon six grounds, his motion was overruled, he appeals, and has discussed two of his grounds, which we shall state in our discussion of them.

(a) *Excessiveness of the Verdict.*—Skoll did not have a doctor until August 30th, when Dr. George was called. He treated Skoll that day and sewed up one of his wounds. He saw him on August 31st and on September 2d, and September 4th. He described Skoll's wounds as a glancing lick probably an inch and a half long and a half inch deep in the chest that did not reach his ribs, and another small wound on the back little more than skin deep. The wounds had healed at the time of the trial, but the scars were still visible. The doctor furnished the needed medicine and dressings, and his bill for all was $13.50. While this verdict appears a little large, we are not prepared to say it was excessive.

(b) *The Instructions.*—The instructions given did not define self-defense. That should have been done. See Cook v. Com., 86 Ky. 663, 7 S. W. 155, 9 Ky. Law Rep. 829. "There is no reason for a distinction between civil and criminal actions in this particular." Taylor v. Franklin, 208 Ky. 43, 270 S. W. 462.

The preparation of proper instructions should be a matter of no great difficulty. We have plenty of assault and battery law. See McNeil v. Choate, 197 Ky. 682, 247 S. W. 955; Thomas v. Deaton, 213 Ky. 623, 281 S. W. 804; Roberson v. Woodfork, 155 Ky. 206, 159 S. W. 793; Renfro v. Barlow, 131 Ky. 312, 115 S. W. 225; Herron v. Dermody, 15 Ky. Law Rep. 703.

The judgment is reversed.