## Bowman v. Commonwealth.

Feb. 10, 1939.

ROSE & STAMPER for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The appellant, Hack Bowman, was indicted for the murder of Wilfred Slone and his trial resulted in a conviction and his punishment was fixed at life imprisonment in the penitentiary. On this appeal to reverse the judgment appellant relies only upon one error committed in the court below, to-wit: it refused to let him testify in his own behalf because on his voir dire it developed he previously had been convicted of false swearing.

Section 1180, Kentucky Statutes, reads:

"If any person be convicted of either of the offenses described in the seven preceding sections, he shall ever afterward be disqualified from giving evidence in any judicial proceeding, or from being a witness in any case whatever."

The seven preceding sections referred to in this statute relate to perjury, subornation of perjury and false swearing.

Section 11 of the Bill of Rights of the Kentucky Constitution provides in part: "In all criminal prosecutions the accused has the right to be heard by himself and counsel. * * *."

It is the contention of the appellant that Section 1180 of the statutes contravenes Section 11 of the Con-

stitution and is therefore unconstitutional. We have been unable to find any authority in this state determining whether or not there is a conflict between Section 1180 of the Statutes and Section 11 of the Constitution, although we find many cases construing this statute and holding it forbids one convicted of false swearing from testifying as a witness for another in criminal prosecutions, and from even testifying for himself in civil cases.

In Hinton v. Com., 134 Ky. 511, 121 S. W. 434, the defendant was on trial for murder and on his voir dire it was revealed he previously had been convicted of false swearing, therefore the trial court refused to permit him to testify and this court affirmed the conviction on appeal. However strange it may appear, Hinton did not base his appeal on the ground Section 1180 of the Statutes was unconstitutional, but that it contravened Section 223 of the Criminal Code of Practice, which is Section 1645, Kentucky Statutes, and reads as follows:

"In all criminal and penal prosecutions now pending or hereafter instituted in any of the courts of this Commonwealth, the defendant on trial, on his own request, shall be allowed to testify in his own behalf, but his failure to do so shall not be commented upon, or be allowed to create any presumption against him."

In the Hinton case this court based its decision on the ground that a person disqualified by Section 1180, Kentucky Statutes, from testifying as a witness is not made competent by this code provision as the statute was enacted subsequent to the code.

Singleton v. Com., 169 Ky. 518, 184 S. W. 871, was a case where the court refused to let a witness, who previously had been convicted of false swearing, testify for the appellant. We upheld the ruling of the trial court and said we were not aware of any constitutional limitation on the legislature to impose such a disqualification on a witness as is contained in Section 1180. It must not be lost sight of that in the Singleton case the witness whose testimony was excluded was not the defendant offering to testify in his own behalf, but the disqualified witness was attempting to testify for the defendant, therefore Section 11 of the Constitution had no application.

In Roberson v. Woodfork, 155 Ky. 206, 159 S. W. 793, this court held Roberson previously having been convicted of false swearing was not competent to testify for himself in a damage suit brought against him for striking a ten year old negro boy with a cane. The Roberson case was a civil suit and Section 11 of the Kentucky Constitution relates only to criminal cases. The court was correct in denying the defendant, Roberson, the right to testify for himself in a civil case, for it can not be argued with reason that Section 11 of our Constitution guarantees to the defendant the right to be heard in civil suits. This case is cited in Wireman v. Com., 267 Ky. 304, 102 S. W. (2d) 34, 36, where it is written:

"Formerly the testimony of a person convicted of felony 'anywhere in the United States' was incompetent, unless pardon had been granted. 2 Rev. Stats. c. 107, Section 5, but that statute was repealed by the general statutes, which only placed the blight upon persons convicted of perjury, false swearing, or subornation of perjury. Com. v. McGuire, 84 Ky. 57. This seems to be the existing law. Kentucky Statutes, Section 1180. Roberson v. Woodfork, 155 Ky. 206, 159 S. W. 793. As the law now stands announced, testimony of a witness who has been convicted of a felony (other than above stated) is subjected for that reason only to criticism as to his credibility. Mullins v. Com., 246 Ky. 748, 56 S. W. (2d) 370."

We find a dearth of authority on the question before us not only in this jurisdiction but also in foreign jurisdictions. There are many texts and cases discussing the disqualification under the common law and under statutes embracing the common law. 70 C. J. p. 105, Sections 132 to 138; 1 Wigmore on Ev. p. 647, Section 519; 1 Greenleaf, 16th Ed., p. 513, Section 372. And there is an abundance of authority in foreign jurisdictions holding with us that the legislature may by statutes disqualify a person convicted of false swearing from testifying as a witness in behalf of another. See annotations following Brown v. U. S., L. R. A. 1917A, 1138.

Counsel for appellant cite us to Olds v. Com., 10 Ky. 465, 3 A. K. Marsh. 465, wherein this court in 1821 wrote:

"That this case partakes of the nature of a criminal prosecution there can be no question, and in all such cases the constitution of this country has guaranteed to the accused the right to be heard by himself and counsel. It is a right, however, that the exercise whereof may be waived by the accused, and the only question about which we have had any difficulty, is, whether in this case the right was waived."

In the Olds case the court held there had been no waiver and reversed the judgment on the ground defendant's counsel was not permitted to argue the case.

Appellant's counsel also cite the case of Lowe v. State, 58 Okl. Cr. 233, 52 P. (2d) 115, 117, wherein the Oklahoma Court of Criminal Appeals, in applying a statute similar to our Section 1180 to a section of the Oklahoma Constitution, Art. 2, Section 20, Okl. St. Ann. which guaranteed to the accused the right to be heard by himself and counsel, held the statute was unconstitutional, saying:

"The term 'right to be heard by himself' is to be construed in its broadest sense in favor of an accused. It is not limited to the mere making of an unsworn statement or by addressing the court or jury, but includes the right to take the stand as a witness, to be sworn and to testify. In such case, of course, prior conviction for perjury or any other crime may be shown as affecting his credibility but it cannot be used to deny him the right to testify."

Statutes preventing a witness from testifying because of previous conviction of felony appear to have been handed down from early English jurisprudence. In that day petit larceny was a felony, and some of the English judges reasoned that the less a thief stole the greater the crime, because the temptation was less to steal little than it was to steal much. Such statutes are inclined to suppress evidence and modern jurisprudence regards them as harmful rather than helpful in administering criminal laws. They belong to the ancient law forbidding the parties to a suit from testifying, and sealing the lips of one on trial for his freedom, or even for his life. The present tendency is a former conviction of felony should not prohibit a defendant from testifying, but it should go to his credibility as a witness. The men who framed our Constitution were wise enough

to write in Section 7 of the Bill of Rights that trial by jury was sacred and should be held inviolate and subject only to such modifications as may be authorized by the Constitution. And just four sections over in that same constitution they provided that the accused has a right to be heard in all criminal prosecutions. These are two of the most cherished rights of citizens of the state and the legislature has no more authority to abolish the right of the accused in criminal prosecutions to be heard upon his trial than it would have to abolish his right to trial by jury. We therefore hold that so far as Section 1180 prevents an accused in criminal prosecutions from testifying in his own behlf it contravenes Section 11 of our Bill of Rights and is unconstitutional.

Counsel for appellant raise in their brief the point Bowman should not have been asked whether he previously had been convicted of false swearing, as the best evidence of that would be the record of the case wherein the conviction was had. But it will be noted Section 597 of the Civil Code of Practice provides that previous conviction of felony may be proven by examination of the witness, or record of a judgment. This court in many cases has construed this section of the code as applying to criminal prosecutions and has allowed a previous conviction of felony to be shown by cross-examination of the defendant. This rule has not been departed from and a few of the early cases are: Com. v. Welch, 111 Ky. 530, 63 S. W. 984, 23 Ky. Law Rep. 151; Hayden v. Com., 140 Ky. 634, 131 S. W. 521; Consolidation Coal Co. v. Vanover, 166 Ky. 172, 179 S. W. 43; Logan v. Com., 174 Ky. 80, 191 S. W. 676.

A person convicted of false swearing cannot testify as a witness in any judicial proceeding whatever for another. Nor can he testify for himself in a civil suit. But Section 1180, so far as it would prevent the defendant from testifying for himself when charged with crime, contravenes Section 11 of our Constitution and is unconstitutional. The defendant in a criminal prosecution has the right in this state to take the witness stand and testify for himself, even though previously he may have been convicted of false swearing, or any of the offenses described in the seven sections of the Statutes immediately preceding Section 1180.

For the reasons given herein, we reverse the judgment with the direction that the defendant be allowed

to testify in his own behalf upon another trial of this case.

Whole court sitting, except Chief Justice Thomas and Justice Perry.