## Sovereign Camp Woodmen of the World v. O'Neal.

### (Decided December 14, 1910.)

### Appeal from Ballard Circuit Court.

Former Trial—Unauthorized Instruction Given—Not Applicable to Case—Contradictory to Other Instructions.—On the former trial of this case (see 130 Ky., p. 68), the court gave the following instruction, to which objection is made: "The court instructs the jury that it is conceded in this action that the decedent, J. P. O'Neal, was initiated into the order of defendant, and that he paid his social dues, and his dues to insure him until his application for the certificate sued on could be accepted or rejected by the officers of the defendant. And the court instructs the jury that the defendant had a reasonable time, after the payment of said dues

and the making of said application in which to accept or reject the said application for the certificate sued on; and if the jury should believe from the evidence that the defendant failed to pass said application or to accept or reject it within said reasonable time, and, after the expiration of such reasonable time for the defendant to accept or reject such application, the deceased died before his application had been rejected, then, and in that event, the law is for the plaintiff, and the jury should so find, although they might believe that there was never but one certificate issued, to-wit: the one of September 28, 1904." Held, there was nothing in the petition or amended petition authorizing the giving of this instruction. Besides, if there had been, it would have been contradictory to the matter set up authorizing the other instructions.

HERSCHEL T. SMITH for appellant.

ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This case has been here once before, and on the former appeal O'Neal, the present appellee, was appellant. The case was reversed on the first appeal and remanded for a new trial (130 Ky., 68). On the last trial the court gave four instructions; number three, the one to which objection is made, is as follows:

"The court instructs the jury that it is conceded in this action that the decedent, J. P. O'Neal, was initiated into the order of defendant, and that he paid his social dues, and his dues to insure him until his application for the certificate sued on could be accepted or rejected by the officers of the defendant. And the court instructs the jury that the defendant had a reasonable time after the payment of said dues and the making of said application in which to accept or reject the said application for the certificate sued on; and if the jury should believe from the evidence that the defendant failed to pass upon said application or to accept or reject it within said reasonable time and after the expiration of such reasonable time for the defendant to accept or reject said application, the deceased died before his application had been rejected, then and in that event the law is for the plaintiff and the jury should so find, although they might believe that there was never but one certificate issued, to-wit: The one of September 28, 1904."

There was nothing in the petition or amended pe-

tition of appellee authorizing the giving of this instruction. Besides, if there had been, it would have been contradictory to the matter set up authorizing the other instructions.

For this reason, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.