TEXAS & N. O. R. CO. v. MILLS et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 13, 1912.)

1. DEATH (§ 97*)—DAMAGES—DISCRETION OF JURY.

Damages for negligently causing the death of a wife and mother cannot be estimated with exactness, so that the amount is largely for the jury's discretion.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 123; Dec. Dig. § 97.*]

2. DEATH (§ 18*)—PERSONS ENTITLED TO RECOVER—MARRIED DAUGHTER—EFFECT OF SUBSEQUENT MARRIAGE.

That a minor daughter married after the death of her mother, caused by a wrongful act, would not prevent the daughter from recovering such damages as she sustained before her marriage.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

3. DEATH (§ 18*)—DAMAGES—PERSONS ENTITLED—MARRIED CHILDREN.

Two of decedent's minor daughters were married at the time of their mother's death by defendant's negligence, and a son also married before she died, and was then about 20 years old, and all of them lived apart from their parents, and received nothing from their mother, after marriage, for their support, and had no probability of receiving anything. Held, that the three married children were not en-

titled to recover damages for their mother's wrongful death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

4. DEATH (§ 57*)—ACTIONS—ALLEGATIONS OF PETITION—PERSONS ENTITLED TO RECOVER.

The petition, in an action by a husband and minor unmarried and married children for damages for the negligent death of the wife and mother, alleged that the injuries rendered decedent unable to attend to her household duties or to do other work, and as a result she died; that she was a good wife and mother, healthy, energetic, and industrious, and had six small children, as named, all of whom were shown to be minors, and some of them married, and that she worked in the field, and at the time of her death was only 42 years old; and prayed judgment for the husband and the children in the respective sum stated. Held, that the married minors were not entitled, under the petition, to recover for loss of their mother's advice and counsel, though the husband could recover for loss of his wife's assistance, and the minor unmarried children for the loss of her care and attention.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 74; Dec. Dig. § 57.*]

5. DEATH (§ 75*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence, in an action by a father and married minor children to recover for the wrongful death of their wife and mother, held to show that the married children had no reasonable expectation of financial assistance from their mother.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 93, 95; Dec. Dig. § 75.*]

6. DEATH (§ 18*)—PERSONS ENTITLED TO RECOVER—ACTUAL DAMAGE—NECESSITY.

While the statute gives a right of action for death by wrongful act to the persons bearing to decedent the relationships named therein, such persons may only recover upon showing actual injury by reason of the death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 20; Dec. Dig. § 18.*]

Appeal from District Court, Kaufman County; C. M. Smithdeal, Judge.

Action by W. L. Mills and others against the Texas & New Orleans Railroad Company. From a judgment for plaintiffs, defendant appeals. Affirmed in part, and reversed and rendered in part.

Baker, Botts, Parker & Garwood, Terry & Brown, and Garrett & Shearon, for appellant. J. Pat Coon and Lee R. Stroud, for appellees.

TALBOT, J. This suit was instituted by W. L. Mills, for himself and in behalf of his minor children, who are named in the petition, and by his married daughters, Lucy Stovall, joined by her husband, Pink Stovall, Nannie Smith, joined by her husband, Melvin Smith, and Lillie Smith, joined by her husband, George Smith, against the appellant to recover damages, alleged to have been sustained by them on account of the death of Mrs. Laura Mills, wife of the plaintiff, W. L. Mills, and mother of his minor children, for whom he sues, and of his married daughters, plaintiffs herein.

There are two counts in the petition. In the first, it is alleged that the plaintiff W. L. Mills and his wife, Laura Mills, were passengers on one of the defendant's passenger trains going from the town of Kaufman to the town of Mabank, in the county of Kaufman, state of Texas; that the train upon which they were traveling arrived at Mabank after dark, and stopped at the proper place at defendant's depot for passengers destined to that place to alight from the train; that when the train stopped Mrs. Mills, followed by her husband, carrying their baggage, went out on the platform of the car in which they were riding to alight therefrom; that the platform and steps of that car being somewhat crowded Mrs. Mills, carrying a child in her arms, stepped across to the platform of the adjoining car, and stood thereon, waiting for her husband and for an opportunity to get off the car; that while so standing the agents and employés of the defendant negligently moved up said car and train with a bound and with a jerk, suddenly and unexpectedly to the said Mrs. Mills, and, after going a very short distance, suddenly stopped the car with a jerk, which threw Mrs. Mills against the railing of the platform, or across the brake handle or lever, or against some iron or other object on the platform; that, as a result of this negligence of defendant, Mrs. Mills' nervous system, brain, and spine were greatly injured, and a very serious wound inflicted near and just below the lower part of her breast bone, at a point between the navel and ribs; that said wound was internal and in the region of the upper part of the abdomen, and produced a serious rupture; that the wound and injuries sustained were very serious and permanent, and caused Mrs. Mills to suffer great pain.

It was further alleged that said injuries rendered Mrs. Mills helpless, or almost helpless, and unable to labor or attend to her household duties, and perform other labor and work, and as a result she died May 25, 1910; that deceased was a good wife and mother, healthy, energetic, and very industrious; that she had six small children; that she worked in the field; that at the time of her death she was only 42 years old; that her children were of ages as follows: William, 19; Nannie Smith, 17; Lillie Smith, 16; Lucy Stovall, at that time unmarried, 14 years old; Lena Mills, 12; Lonnie Mills, 11; Matthew Mills, 8; Shadie Mills, 6; and Jesse Mills, 3 years old. Judgment was prayed for in behalf of ₒW. L. Mills, husband of deceased, in the sum of $5,000, and in behalf of the infant plaintiffs in the sum of $3,000 each, and in favor of the married adult plaintiffs in the sum of $2,000 each, aggregating $29,000.

The second count in the plaintiffs' petition set up the matters and injuries as alleged in the first count, and further alleged that deceased greatly suffered from the injuries complained of, especially from the rupture; that on the 25th day of May, 1910, deceased having already had many serious and painful attacks, the rupture or hernia suddenly became worse, and she died, suffering great pain for many hours; that if the court should find that the injuries alleged did not result in the death of Mrs. Mills, then, as survivors of the cause of action in favor of deceased, they prayed for damages in the sum of $12,000 on account of mental pain and anguish suffered by deceased, which said cause of action, plaintiffs alleged, survived to them as heirs of decedent.

Appellant answered by a general demurrer and general denial, and by a special demurrer, setting up that plaintiffs' petition did not show how death could have resulted from the injuries complained of. Appellant also filed a special plea, alleging that death did not result from injuries complained of, but from other causes, and from negligence and want of attention and care to decedent on the part of W. L. Mills. Said special exception being sustained by the court, plaintiffs amended, setting up that "the death of Mrs. Mills was the proximate result of the wound or hernia, and that said wound or hernia was reasonably calculated to produce death; that said hernia, as a natural consequence of said wound, became incarcerated, and produced inflammation and peritonitis, which was the proximate result of said wound and hernia, and the proximate cause of Mrs. Mills' death." The issues raised in the first count alone were submitted to the jury, and the trial resulted in a verdict and judgment in favor of each plaintiff for $250, aggregating the sum of $2,500. From this judgment, the defendant appealed.

[1] Appellant's first four assignments of error are grouped, and are to the effect that the trial court erred in authorizing the jury to find damages in favor of plaintiffs on account of pecuniary loss, for the reason that there was on evidence offered showing any loss of services of a pecuniary value by the plaintiffs on account of the death of Mrs. Mills, and especially by the "adult married plaintiffs." As to the plaintiff W. L. Mills, Mrs. Lucy Stovall, and the minor unmarried children of the said Mills and his wife, Laura Mills, deceased, these assignments will be overruled. The evidence is sufficient to justify the conclusion necessarily embraced in the verdict of the jury that Mrs. Mills lost her life through the negligence of the defendant substantially as alleged in plaintiffs' petition, and that her husband and unmarried children remaining with the family at the date of her death, and who were minors, suffered each, as a result of the wife's and mother's death, pecuniary loss in the amount awarded them, respectively, by the verdict. It has been repeatedly held by the higher courts of this state that the damages in cases of this character do not admit of exact proof; and therefore the amount must be

left largely to the sound discretion and common sense of the jury. The facts which the jury were authorized to consider in determining the pecuniary loss sustained by the plaintiff W. L. Mills, Mrs. Lucy Stovall, and the unmarried minor children of himself and deceased wife would probably have authorized heavier damages than those awarded them.

[2] The fact that Lucy Stovall married after the death of her mother does not affect her right to recover such damages as she may have sustained up to the time of such marriage. She was a minor, about 14 years of age, at the date of her mother's death, and a member of the family. The record shows that, subsequent to her mother's death, she married, but just when is not pointed out in the brief of either party; and if the statement of facts shows the date of her marriage we have not discovered it. If this was a material matter affecting the question of the amount of her damages, it should have been shown. In the present state of the record, we are not authorized to say that the amount awarded her is excessive.

[3, 4] As to William Mills and the daughters, Nannie Smith and Lillie Smith, the case is different. These daughters were married women before and at the time of their mother's death, and William Mills married before she died, and was about 20 years old. They were, as we understand, living apart from their parents, and as separate and distinct families. The record does not disclose any evidence tending to show that deceased, Mrs. Mills, had contributed anything whatever to either of them after their marriages, or that there was any probability that she would have contributed anything to either of them, had she lived. It was clearly the duty of the husband of these married daughters to support their wives, and of the married son to support himself. At all events, the facts and circumstances of the case clearly repel the idea that this son and these married daughters of the deceased had any reasonable or just grounds to expect pecuniary assistance from their mother. If, in any event, this son and these married daughters could have recovered for loss of advice and counsel of the deceased, they were not entitled to do so under the pleadings in this case. The petition was doubtless sufficient to show a claim for damages on account of the husband's loss of the assistance, etc., of his wife, and of the unmarried minor children's loss of her care and attention, etc., in rearing them, but not that the married son and daughters had sustained any such loss.

[5] It appears that the father and mother in this case were very poor; that neither had anything with which to support the family; that there were a number of children who, because of their tender years, were unable to render any material assistance towards their maintenance and support, but were wholly dependent, practically, upon their father and mother; that the father's ability to labor and earn money were and had been for a long time greatly impaired by disease; and that the unfortunate wife and mother, because of their straitened circumstances, was forced to work in the field like any ordinary field hand, to assist in raising a crop for the support of the family. If it cannot be said that under these circumstances it would have been incumbent upon the son William and his married sisters to contribute to the support of the mother, rather than that the mother should assist pecuniarily the said son and daughters, clearly they had no reasonable expectation that she would contribute anything to their support, had she lived. It has been well said that the law does not and cannot compel the party causing the death to give a gratuity in these cases; that the recovery is to compensate a loss, and not to confer a bounty. Railway Co. v. Johnston, 78 Tex. 536, 15 S. W. 104.

[6] While the relationships named in the statute give a right of action, they do not of themselves give the right of recovery; of such persons those only are entitled to recover who have actually sustained some injury or loss by reason of the death. Railway v. Henry, 75 Tex. 224, 12 S. W. 828; Railway v. Younger, 10 Tex. Civ. App. 141, 29 S. W. 948.

The other assignments point out no reversible error, and will be overruled. The judgment of the court below as to the plaintiffs W. L. Mills, Mrs. Lucy Stovall, Lena Mills, Lonnie Mills, Matthew Mills, Shadie Mills, and Jesse Mills is affirmed, and as to the plaintiffs William Mills, Mrs. Nannie Smith, and Mrs. Lillie Smith is reversed, and judgment is here rendered for the appellant.

Affirmed in part, and reversed and rendered in part.