## McNeil v. Choate.

(Decided February 13, 1923.)

### Appeal from Fulton Circuit Court.

1. **Appeal and Error—New Trial.**—For an error of the trial court to be considered in this court, it must be incorporated as a ground in the motion for a new trial.

2. Trial—Instructions.—An instruction should be based on both pleading and proof, if either is lacking such instruction should not be given.

W. J. WEBB, F. S. MOORE and DEE L. McNEIL for appellant.

H. T. SMITH, HOLIFIELD & McDONALD for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

H. A. Choate sued Charlie McNeil and several others, alleging a conspiracy on their part to assault him, and that in pursuance thereof Chas. McNeil did assault, beat him, &c., and asked a recovery of $10,000.00.

Defendants answered, denying a conspiracy and pleaded *son assault demesne* upon the part of Charlie McNeil. In the third paragraph Charlie McNeil sought to recover of plaintiff $15,000.00 for an assault and battery upon him in the same difficulty, and to this plaintiff pleaded self-defense.

All the defendants went out on a peremptory instruction except Chas. McNeil, and as against him a verdict was returned for $300.00 and from the judgment in conformity therewith he has appealed.

He urges that this judgment should be reversed (1) because over his objection and exception the court placed the burden of proof on the plaintiff. (2) The court failed to properly instruct the jury.

While the appellant moved the court to award him the burden of proof and excepted to his action in not so doing he failed to incorporate this ruling of the court and his exception thereto, as a ground in his motion for a new trial. Consequently it cannot be considered in this court as a ground for reversal. Acme Mill & Elevator Co. v. Rives, 141 Ky. 783; Hatfield v. Adams, 123 Ky. 428; Alexander v. Humber, 86 Ky. 569.

Appellant does not complain of the instructions given by the court, but insists that it should have given an instruction offered by him which reads as follows:

"The court instructs the jury that if it believes from the evidence that at the time and on the occasion of the difficulty described in the evidence, plaintiff, Choate, and Charlie McNeil each voluntarily and mutually entered into said conflict and difficulty, then the law is for the defendant, and the jury will so find."

There are a number of decisions in this state holding that when it is based upon a proper plea and sufficient evidence, an instruction of this character is proper. Goldamer v. Obrien, 98 Ky. 569; Lykins v. Hambrick, 144 Ky. 81. But both must concur and the decisions are equally clear that if either is omitted, such instruction is not authorized. Sovereign Camp Woodmen of the World v. O'Neil, 141 Ky. 263; Edge v. Ott, 151 Ky. 672; Spinks v. Turley, 31 Ky. 676; Simpson v. Bell, 112 S. W. 1133. Unfortunately for appellant, while there is some evidence there is no plea upon which to base this instruction.

Appellant admits that the other instructions given were practically correct and does not point out any other error, and we perceive none.

Wherefore judgment is affirmed.