## Johnson v. Porter, Administratrix of John Price.

(Decided March 3, 1925.)

### Appeal from Webster Circuit Court.

1. Death—Self-Defense Held for Jury.—In civil action for damages for murder, evidence held to raise question for jury whether defendant acted in necessary or apparently necessary self-defense.

2. Death—Instruction Authorizing Recovery Unless there was Finding for Defendant on Issue of Necessary Self-Defense Held Not Erroneous.—In civil action for damages for murder, where defendant admitted assault, but alleged self-defense, burden of proof was on defendant, and instruction to find for plaintiff unless there was finding for defendant on issue of self-defense was not error.

3. Death—Instruction on Mutual Combat Held Unwarranted by Plea.—In civil action for damages for murder, answer which admitted killing, and alleged it was in necessary self-defense, held insufficient to constitute plea of mutual combat to warrant instruction on such issue.

M. L. BLACKWELL and C. J. WADDILL for appellant.

HENSON & TAYLOR and RAYBURN & WITHERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On March 11, 1920, D. B. Johnson shot and killed John Price. Thereafter Price's administratrix brought

this suit to recover damages for his death. From a verdict and judgment in favor of plaintiff for $1,161.11 this appeal is prosecuted.

The facts as developed by the evidence for appellant may be summarized as follows: Appellant and Price had been friends and business partners for many years. On the evening of the difficulty they procured some whiskey and went to appellant's office on the second floor of a building in the village of Clay. While there, they got in a dispute which resulted in a scuffle. Price attempted to procure an iron poker, but was prevented from doing so by appellant. During the scuffle the stove in the room was overturned. Appellant's brother, sister-in-law and others, hearing the noise, came to the room and found appellant on top of Price. After some difficulty they succeeded in separating the combatants, and appellant went into an adjoining room and Price was induced to leave the office by a back doorway. When leaving, Price stated that he would return to settle the difficulty, and would be back "fixed." The difficulty occurred about seven o'clock p. m. Appellant remained in his room until about nine o'clock in order to avoid a meeting with Price. In the meantime, Price stated to several persons that he was "fixed" and was going to settle the trouble between him and appellant before he slept, if it took 48 hours. Information of these threats, as well as of Price's presence on the street, was conveyed to appellant. About nine o'clock appellant, accompanied by his brother, Monty Johnson, went down the stairway and started for his home. On reaching a point within 50 or 60 feet of his home they heard voices in a burned building, and feared it was Price. They walked backward to the stairway which they had just descended. Appellant stepped in the doorway and waited while his brother went to the restaurant for a flashlight with which to discover who was in the burned building. Immediately thereafter Price came down the street from the opposite direction and turned to step in the doorway. On encountering appellant he said, "God damn you, you mistreated me, and we're going to settle it," and placed his hand in his pocket for the purpose of drawing his pistol. Thereupon appellant drew his pistol, which he had gotten out of R. D. Holt's trunk in the adjoining room, and which contained only two cartridges, and fired twice in rapid succession. One of the shots took effect just above Price's left eye, and just at the left of the center of the nose and

the edge of the eyebrow. Immediately after the shots were fired, Price fell to the sidewalk and was then carried to his brother's barber shop. While his clothing was being removed a pistol fell from his pants pocket. There were powder burns on his face. There was a light in the hallway which lighted up the front door. Appellant did not see any cigar in Price's mouth, or an umbrella on his arm, and stated that Price's raincoat was unbuttoned. On the other hand, some witnesses for plaintiff testified that when they reached Price's body there was no light on the stairway, and it was very dark. They also say that Price had a cigar in his mouth, an umbrella on his arm, and that his raincoat was buttoned up.

It is first insisted that the evidence was insufficient to take the case to the jury, or to sustain the verdict, the argument being that all the evidence shows that Price had armed himself for the purpose of settling the difficulty, had gone to the stairway where he knew appellant would be, and after announcing his purpose, tried to carry it into effect by attempting to draw his pistol, thus leaving appellant no other alternative than to shoot in the protection of his own life. Appellant was the only witness as to what occurred at the time of the shooting. His version of the affair is that Price made a threatening remark and attempted to draw his pistol. As no one else was present, it was impossible to contradict this statement, but appellant went further and testified that there was a light in the hallway and that Price's raincoat was unbuttoned, while other witnesses, who reached the scene immediately after the shooting, say that it was very dark in the hallway and that Price's raincoat was buttoned up. As appellant's credibility was for the jury, it was not required to accept his statement as to what occurred when he and Price were the only persons present, especially, in view of his self-interest and the fact that he was contradicted on other points. Estepp v. Commonwealth, 185 Ky. 156, 214 S. W. 891. Looking at the case in the light of all the facts and circumstances, we conclude that it was for the jury to say whether appellant acted in his necessary, or apparently necessary, self-defense.

Another contention is, that the court erred in telling the jury to find for appellee unless they found for appellant under instruction No. 2, which presented the issue of self-defense. It is the rule that an admission of the assault, accompanied by a plea of *son assault demesne*, places on the defendant the burden of proof, with the ac-

companying right to conclude the argument. The reason for the rule is, that where the assault is shown, it is presumed to be unlawful, and plaintiff is not required to go further and prove that it was not made in the defense of the person of his assailant. That is an excuse or justification for the assault which must be proved by the party who offers it. The rule was applied in the case of Pitman v. Drown, 175 Ky. 677, 194 S. W. 913, where the defendant shot and wounded the plaintiff, and no distinction can be made between a case of mere wounding and a case where the wound results in death. As the burden of proof was on appellant, it necessarily follows that appellee was entitled to recover unless appellant acted in his necessary, or apparently necessary, self-defense, and the court did not err in so instructing the jury.

It is further insisted that the court erred in refusing to give the following instruction:

"Although you may believe from the evidence that the defendant, D. B. Johnson, did shoot and kill John Price with a pistol on the 11th day of March, 1920, yet if you further believe from the evidence that the decedent, John Price, a short time previous to the said shooting had a personal encounter with the defendant and thereupon went away from the defendant and armed himself with a deadly weapon and returned to the place of the previous encounter, or near thereto, and was, at the time and place of the shooting, so armed with a concealed deadly weapon for the purpose of renewing the difficulty, and was then and there ready and willing to engage in mutual combat, then the jury will find for the defendant, although the jury may believe from the evidence that defendant was also armed and ready and willing for the affray."

Paragraph 2 of the answer is as follows:

"Further answering the plaintiff's petition the defendant says that on the said 11th day of March, 1920, he did shoot and kill the plaintiff's said decedent; but he says that at the time of the said shooting and killing, the said decedent had threatened to kill the defendant and had armed himself for that purpose and had sought and confronted the defendant for the purpose of carrying out said threats; that the said decedent attempted to draw his pistol for

the purpose of executing the said threats, whereupon the defendant, for the purpose of defending himself against the deadly purpose of the decedent, and in his necessary or apparently necessary self-defense, and in order to protect himself from death or great bodily harm at the hands of the said decedent, did shoot and kill the said decedent, which shooting and killing is the same shooting and killing set out in the petition; that at the time of said shooting and killing the defendant believed and had reasonable grounds to believe that it was necessary for him to shoot the said decedent in order to protect himself from death or great bodily harm at the hands of the said decedent.''

The purpose of the offered instruction was to present the defense of mutual combat voluntarily engaged in by the parties. It has been held that a proper plea and sufficient evidence will authorize such an instruction, but both must concur, and if either is omitted, such an instruction is not proper. McNeil v. Choate, 197 Ky. 682, 247 S. W. 955. As we view the answer, there is no plea of mutual combat. It simply admits the homicide and pleads self-defense. Therefore, the court did not err in refusing the offered instruction.

Judgment affirmed.