## Poe v. Hankins' Administratrix.

(Decided Nov. 28, 1933.)

C. J. WADDILL and FOX & GORDON for appellant.

CHARLES G. FRANKLIN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

This is an action under section 4, Ky. Statutes, by the administratrix of the estate of John Hankins against D. C. Poe for the killing of Hankins with a deadly weapon. The jury returned a verdict in her favor of $5,000.

In Poe v. Com., 244 Ky. 649, 51 S. W. (2d) 937, the facts here involved were summarized by this court. We will therefore not iterate them.

In Johnson v. Porter, 208 Ky. 390, 270 S. W. 813, 814, the administrator brought suit under section 4 to recover damages of Johnson for shooting and killing Price. We therein stated:

"No distinction can be made between a case of mere wounding, and a case where the wound results in death."

In Taylor v. Franklin, 208 Ky. 43, 270 S. W. 462, the facts were that, during an encounter between Taylor and Reynolds, Taylor shot Reynolds; the shot went through the upper part of the leg, and struck Harman Franklin in the thumb, wounding that digit so badly it had to be amputated. Franklin sued Taylor for the injury, and recovered. Taylor appealed, complaining of the instructions. We said:

"There is no reason for a distinction between civil and criminal actions in this particular. So far as justification is concerned, the same principle applies to both."

Poe's defense was son assault demesne. The decisive question is, "Who was the aggressor?" Poe of-

fered to testify, and also to prove by Mrs. Lou Morrison that, "when Poe came out [of his residence] his wife says, 'It is John Hankins; what is he doing here; he has been told not to come on this place.' He said he was going to the doctor; she said, 'If you are going to the doctor's what did you stop here for; you have been told not to come on this place.'"

He offered to prove by W. F. Love that on Saturday before the killing he was with the deceased at Dawson Springs, where he had some drinks with him, and that Hankins then told him that he was going back "to see his woman at Cack Poe's and that he was able to take care of himself." The court refused to permit this evidence to be heard by the jury.

The evidence shows that Mrs. Poe was a participant in the encounter which resulted in the death of Hankins. This court in Poe v. Commonwealth, by the self-defense instruction directed to be given, and the trial court in the present case by its instructions to the jury, recognized Mrs. Poe as a coadjutor or participant in the act of killing of Hankins.

It is a generally accepted rule that declarations of third parties and bystanders, not participants, though unpremeditated and spontaneous, but not connected with the relevant facts, are inadmissible as hearsay. Howard v. Com., 227 Ky. 142, 12 S. W. (2d) 324.

Poe's wife being admittedly a coadjutor or participant in the difficulty, of course, whatever she said at the time and place of the act of killing is competent to show, not only who was the aggressor, but the character and quality of the acts of all of the participants. Stroud v. Com., 19 S. W. 976, 14 Ky. Law Rep. 179; Louisville & N. R. Co. v. Johnson's Adm'r, 131 Ky. 277, 115 S. W. 207, 20 L. R. A. (N. S.) 133; Howard v. Com., 227 Ky. 142, 12 S. W. (2d) 324. The trial court erred in refusing to permit her statements to go to the jury.

The testimony of Love was in its nature a threat, and shows distinctly the state of Hankins' mind at the time he made the statement which the jury was entitled to know, as it sheds light on his statements and conduct immediately preceding and at the time of the tragedy.

On the day of the killing, Hankins had left home to go to the office of Dr. Brown, to get medicine for his

father. He was driving the car in which he, his brother and nephew were traveling. On arriving in front of the home of Poe he stopped the car, left it, and went to Poe's residence by the roadside, where Poe's wife was sitting on the front porch. Her husband was not in sight at that time. The presence of the wife on the porch at that time, and the absence of the husband, when considered in the light of his statement to Love, furnish an explanation for his stopping at the home of Poe, which, when coupled with the statements of Poe's wife, and the conduct of the deceased then and there returned to the car, then starting back in the direction of the home of Poe, justified Poe in good faith to believe that deceased was of the mind to do violence to himself and wife. The excluding of the proffered evidence was extremely prejudicial to Poe's substantial rights. Instruction No. 1 is inaptly and incorrectly phrased, and does not properly present the law of self-defense. His defense being son assault demesne, the court on another trial, if one is had, will instruct the jury to find for the administratrix (Johnson v. Porter, supra), unless it believes from the evidence as the instruction of self-defense was directed to be given, in Poe v. Commonwealth. This instruction, with an instruction fixing the criterion of damages, and another stating the number of jurors who should agree on the verdict, will be given on another trial, if one is had.

It is argued that the verdict is excessive. Since this question may not arise on another trial, we express no opinion thereon.

For the reasons indicated, the judgment is reversed, with directions to award a new trial consistent with this opinion.