**DIXON v. SAMARTINO.**

No. 11383.

Court of Civil Appeals of Texas.
Galveston.

May 28, 1942.

Rehearing Denied, July 9, 1942.

Markwell & Stubbs, of Galveston, for appellant.

Stone, Phipps & Dibrell, and Louis J. Dibrell, all of Galveston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Edna E. Dixon, under Title 77, Articles 4671 to 4678, inclusive, Vernon's Annotated Civil Statutes, commonly referred to as the "death statute", for the recovery of damages alleged to have resulted to her from the death of her adult son, Carl W. Dixon, caused by wounds inflicted by appellee, Charles Samartino.

Appellee answered by a general denial and exceptions. He pled in several particulars that the alleged homicide, if true, was justifiable for the reason that it was committed in the protection of his person against an unlawful attack committed upon him by Carl Dixon.

In answer to special issues submitted, the jury found, in substance, that appellee had stabbed the deceased and that such stabbing was unlawful and not in self defense; that, at the time Carl Dixon received his injuries, he was engaged in the commission of an assault and battery upon appellee in violation of Article 1138 of the Penal Code of the State of Texas and that such action on the part of the deceased was a proximate cause of his death. They found that the appellant had suffered no damages. Based upon the jury's answers to such special issues, judgment was rendered in favor of appellee and that appellant take nothing by her action.

Carl Dixon died as the result of stab wounds inflicted by appellant in a difficulty in a cafe at Dickinson, Texas, on the night of December 17, 1938. He had returned to Texas from Wyoming some three months prior to his death and had secured employment in the oil fields near Dickinson. He had rented a farm near his place of employment and was, at the time, supporting his mother and several of his brothers and sisters, who lived with him. The record shows that Carl Dixon had made no contribution to appellant from the time he was 21 years of age until his return to Texas three months prior to his death.

Appellant was married to J. L. Dixon and had lived with him as his wife for more than 30 years. He and appellant had separated when she came to live with Carl Dixon. He earned approximately $300 per month as a locomotive engineer. He had contributed small sums to appellant's support after their separation.

Prior to the date of Carl Dixon's death, his brother, L. W. Dixon, had had several difficulties with appellee's son, Angelo Samartino. On the date in question, L. W. Dixon and Angelo Samartino had had a difficulty earlier in the day. Later, Carl Dixon, L. W. Dixon, and a friend were seated in a cafe. Appellee and his son, Angelo, entered the cafe but did not approach the Dixons. L. W. Dixon walked to where the Samartinos were standing and struck both appellee and his son with his fist, knocking appellee to his knees. In the general affray which followed, appellee stabbed both L. W. Dixon and Carl Dixon. The record does not show when Carl Dixon joined in the affray. It is undisputed, however, that appellee was knocked to the floor and that he never regained his feet until he was dragged out of the cafe about the time the fight ended. Carl Dixon was stabbd inside of the cafe.

The material parts of said Article 4671 read: "An action for actual damages on account of the injuries causing the death of any person may be brought in the following cases: 1. When an injury causing the death of any person is caused by the wrongful act, neglect, carelessness, unskilfulness, or default of another person, * * * such persons * * * shall be liable in damages for the injuries causing such death. * * *"

Article 4677, Revised Civil Statutes, provides that: "The jury may give such damages as they think proportionate to the injury resulting from such death. * * *"

■ In construing said Article 4677, the courts of this state have uniformly held that the proper measure of damages recoverable for the death of an adult son is the cash value of such pecuniary benefits in the form of voluntary contributions, if any, as the deceased, in reasonable probability, would have contributed had he lived.

■ Since damages, in cases of this character, are not susceptible of exact proof, the amount thereof or the question as to whether damages have been sustained, must, of necessity, be left largely to the sound discretion and common sense of the jury in the light of their own experiences based upon sufficient facts to enable them to intelligently answer the issue of damages. Greathouse v. Fort Worth & Denver City Ry. Co., Tex.Com.App., 65 S.W.2d 762, and authorities there cited.

■ It is the general rule that, where it appears that a verdict in a case of this character is the result of an honest endeavor on the part of the jury to ascertain the damages sustained in the light of the attendant facts and conditions, unless the verdict is such as to shock the conscience and show clearly that it is the result of some prejudice, passion, or improper motive, an appellate court will not disturb the jury's findings. Foley Bros. Dry Goods Co. v. Settegast et al., Tex.Civ.App., 133 S.W.2d 228, writ refused, and authorities there cited; Missouri Pacific Ry. Co. v. Lehmberg, 75 Tex. 61, 12 S.W. 838; Texas & P. Ry. Co. v. Johnson, 48 Tex.Civ.App. 135, 106 S.W. 773; Houston & T. C. Ry. Co. v. Davenport, Tex.Civ.App., 110 S.W. 150; Texas & N. O. Ry. Co. v. Mills, Tex. Civ.App., 143 S.W. 690.

■ In the instant case, Carl Dixon was one of nine living children. Appel-
lant had no recoverable damages for his wrongful death except such gratuitous contributions as in reasonable probability would have been made to her by the deceased had he lived, since there was no legal obligation on his part to support her.

■ The jury had the opportunity of personally hearing the evidence in reference to the damages appellant would probably sustain by reason of Carl Dixon's death, with the legal responsibility placed upon them of not only determining the credibility of the witnesses but the weight to be given their testimony in the light of all the surrounding facts and circumstances. They had the right to believe that the separation between appellant and her husband, after more than 30 years of unbroken married life, was temporary rather than permanent and that there was a reasonable probability that appellant would have been supported by her husband in the future as she had been in the past or that Carl Dixon would have discontinued the contributions he was making toward her support at that time as had his brothers and sisters.

■ Under above facts, in the absence of a showing of some improper motive or some passion or prejudice on the part of the jury in arriving at its verdict, the judgment of the trial court in favor of appellee based upon such verdict is binding upon this court and must be affirmed.

Appellant contends that, the jury having found in answer to special issue No. 2 that appellee was not acting in self defense in stabbing Carl Dixon, no judgment could have properly been rendered against her on the answers of the jury to special issues Nos. 3 and 4, for the alleged reason that even though the deceased may have been committing an assault and battery upon appellee at the time he was injured which was a proximate cause of such injury, yet, unless such act was sufficient to raise the issue of self defense, it would not relieve appellee of responsibility for the homicide.

■ While it is the general rule that, in a civil action for wrongful homicide, if the testimony of the plaintiff shows a prima facie case of wrongful killing, the duty then devolves upon the defendant to prove that he acted under a reasonable apprehension or fear of death or serious bodily harm. 33 Tex.Jur. p. 76, par. 49.

In the instant case, however, we have a slightly different state of facts from those in the cases cited by appellant. In this case, the jury was not asked and did not find that appellee willingly, knowingly, or intentionally stabbed the deceased. They found in answer to special issue No. 1 that appellee stabbed Carl Dixon on the occasion in question.

Special Issue No. 2 and its accompanying instruction reads:

"Special Issue No. 2. Do you find from a preponderance of the evidence that such stabbing was wrongful?

"In this connection you are charged that if Vincenzo Samartino, in stabbing the deceased, Carl Dixon, did so in defending himself or his son, Angelo Samartino, against an attack, real or apparent, from the said Carl Dixon or those persons with the said Carl Dixon, producing in him a reasonable fear or expectation of death or serious bodily injury to himself or Angelo Samartino, at the hands of Carl Dixon or those persons with him, such as would cause a reasonably prudent person to act as he did under the same or similar circumstances, then such act would not be wrongful. If, on the other hand, you find from a preponderance of the evidence that, a reasonably prudent person placed in the same or similar circumstances would not have stabbed and thereby killed the said Carl Dixon, then such act may be wrongful."

In answer to this issue they found that such stabbing was wrongful.

Under the facts in the record the jury could have believed that appellee stabbed the deceased without intentionally doing so or that, while engaged in a fight with L. W. Dixon, he had, accidentally and without knowledge or intention of doing so, stabbed Carl Dixon.

In answer to special issues Nos. 2 and 4 the jury found that Carl Dixon met his death while engaged, with other persons, in the commission of an assault and battery upon the person of appellee, and that such assault and battery by the deceased, acting in concert with other persons, was a proximate cause of the injuries resulting in his death. The answers to said special issues are in effect findings by the jury that Carl Dixon was guilty of contributory negligence in joining others in the commission of an assault and battery upon appellee which proximately caused the injury which resulted in his death.

■ We have been referred to no Texas cases with a similar state of facts which sustain appellee's contention in this regard. We have, however, been cited to authorities from other jurisdictions which hold that one who is the aggressor cannot recover for an assault and battery, (6 Corpus Juris Secundum, Assault and Battery, § 18, p. 810, citing numerous Louisiana cases), and cases which hold, in effect, that when injuries are sustained in mutual combat neither party can recover. McNeil v. Choate, 197 Ky. 682, 247 S.W. 955; Lykins v. Hamrack, 144 Ky. 80, 137 S.W. 852; 6 Corpus Juris Secundum, Assault and Battery, § 16, p. 807.

■ In line with the reasoning in the above authorities, the courts of this state have laid down the general rule that where a plaintiff is guilty of contributory negligence which, concurring with the negligence of the defendant, occasioned the infliction of injury, if this conduct was the proximate cause of the injuries inflicted on the plaintiff by defendant, then, notwithstanding the fact that defendant was guilty of negligence, the plaintiff could not recover. Koons v. Rook, Tex.Com. App., 295 S.W. 592.

■ The jury, in the instant case, having in effect found that Carl Dixon was guilty of contributory negligence in joining with others in the commission of an assault and battery upon appellee and that such action on his part was the cause of the injury which resulted in his death, we think that judgment was properly entered in favor of appellee.

Appellant complains of the action of the trial court in permitting appellee's witness, Charles H. Theobald, County Attorney of Galveston County, to testify that, during the criminal trial of appellee in the district court of Galveston County, he did not introduce in evidence the knife which had been introduced by appellant in the civil case and to state his reasons for not doing so, for the alleged reason that the testimony was immaterial, irrelevant, prejudicial and an unpredicated opinion. Appellant also complains of the argument of appellee's counsel wherein he stated that appellant's attorneys were guilty of misconduct in offering the knife in evidence and particularly the statement that: "Mr. Theobald, an able, fearless prosecutor, as you all know him to be, representing the interests of the state, which includes you, did not, in prosecuting this man, see fit to

introduce the inflamatory evidence
* * *."

The only evidence in the record identifying the knife in question as the knife with which Carl Dixon had been stabbed at the time of the introduction by appellee of the testimony of Charles H. Theobald complained of was the statement by L. W. Dixon that the knife tendered in evidence "looked like" the knife he had seen in the hand of appellee during the fight. When the witness Theobald was tendered by appellee, appellant had rested her case and had not attempted to connect the knife by evidence tending to show from whence it came. After appellee had rested his case, appellant introduced evidence showing that the knife had been picked up upon a vacant lot near the cafe where the difficulty took place a short time after the affray and that it had later been turned over to the County Attorney.

No objection was made to the testimony of the witness Theobald as objectionable as being an opinion at the time of the tender of the testimony and the ruling thereon by the trial court. Appellant's bill of exception to the court's action in admitting the testimony as an opinion was not taken until the witness had left the stand and on the following morning of the trial when the objection to the testimony was added that the question and answer called for a conclusion and opinion of the witness Theobald.

 The witness Charles H. Theobald, who prosecuted appellee in the criminal case, was shown to have been County Attorney of Galveston County for a number of years, to have had wide experience in the investigation of happenings such as the one under inquiry in this case, and to have been fully informed through personal connection as to the history of said knife. Because of appellant's failure to make and save a timely objection to his testimony as being an opinion and conclusion of the witness, we think the point as raised upon this appeal cannot properly be considered by this court.

The argument of counsel for appellee to the jury complained of by appellant was a comment on the proper weight to be given by the jury to the evidence in reference to said knife. It was not objected to by counsel for appellant at the time it was made, nor was the attention of the court called thereto. It is probable that the effect of the testimony on the jury, if harmful, could have been corrected and nullified by the trial court by proper instruction, had the trial court deemed the argument improper upon having his attention called thereto or upon objection by appellant.

Finding no reversible error in the record, the judgment of the trial court will be in all things affirmed.

Affirmed.

### On Motion for Rehearing.

On motion for rehearing appellant contends that this court was in error in stating in its original opinion that "appellee was knocked to the floor and that he never regained his feet until he was dragged out of the cafe about the time the fight ended."

On re-examination of the record we find that there was testimony to the effect that appellee regained his feet after the fight began. The record shows, however, that the fight started in the front part of the cafe, some twenty feet from where Carl Dixon was seated with his brother, L. W. Dixon, and Robert Terry. Roy Corona, the proprietor of the cafe, testified that after the fight started Carl Dixon "got up and went to fighting too."

This correction in no way affects the final determination of this case as embodied in our former opinion.

Motion for rehearing is refused.

Refused.