WILSON *v.* PHILLIPS.

No recovery can be had in an action for the price of plaintiff's interest in a tract of land without proof of delivery of possession, where the price was payable only after delivery of possession, and such delivery was alleged in the petition.

Parol evidence is inadmissible, in the absence of any allegations of fraud, to contradict or alter a written act of sale.

APPEAL from the District Court of Madison, *Selby*, J. *R. C. Downes* and *Stacy*, for the plaintiff. *Phillips*, appellant, *pro se*. *Thomas* and *Snyder*, on the same side. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff, who claims as the assignee of *Hall* and wife, sues the defendant for the sum of $3,000, upon a contract of sale of their interest in certain lands and the improvements thereon, and for the further sum of $329, for certain moveables alleged to have been sold to the defendant.

The contract with regard to the lands, which is without date, but is signed by Wilson
*Hall* and his wife and by the defendant, declares that they sell, release, and make *v.*
over to *Phillips* all their right title and interest in and to a section of land (descri- Phillips.
bing it) on which the vendors reside, formerly belonging to *S. C. Phillips*, deceas-
ed; that in consideration of such sale *Phillips* binds himself to pay the vendors
"$1,500 on account of improvements made on the said tract of land up to the
time when possession shall be delivered to the said *Phillips*;" "*secondly*, that
*Phillips* shall use all proper and reasonable efforts to obtain a full and indisputa-
ble title to said land, and hereby engages to proceed therein to the best of his
knowledge and ability; *thirdly*, that the said *Phillips* shall on obtaining such title
pay over to the parties of the first part the further sum of $1,500;" "*fourthly*,
the said *Phillips* engages to sustain the necessary law expenses, and also those
arising from the purchase of certain claims to said land, provided said expenses do
not altogether exceed $1,000. It is further understood and agreed upon that the
parties of the first part are hereby bound to execute any further instrument of
writing which may be necessary for the carrying into effect the true intent and
meaning of these presents, and for the securing the parties of the second part in
the premises; and further, that when, in addition to the above, the claims of the
heirs of *Fanny Wallace*, legatee of *S. C. Phillips*, shall have been obtained by
the party of the second part, the title shall be deemed complete between the parties
to this instrument."

The instrument appears not to have been executed in duplicate, and remained
in the possession of the vendors. In his petition the plaintiff alleges that the
contract was signed on the 1st December, 1843, and that *Phillips*, in virtue of the
contract, obtained possession of the land on or about the 1st January, 1844.

The plaintiff was bound to prove that possession had been given. This was
essential to his recovery under the contract. The absence of any evidence to
that effect is an insuperable barrier to the plaintiff's present success.

As the contract may be the subject of future litigation, it is proper to state that
we think a portion of the testimony of *Nicholson*, a subscribing witness, was
improperly admitted. This witness stated that he was present at the sale: "That
the title of the vendors was considered defective, and the title was supposed to be
in *William Henderson*. That *Hall* and his wife told *Phillips* at the time, of the
defect of the title. That the second $1,500 was to be paid when *Phillips* obtain-
ed *Henderson's* title. That *Henderson* was the only person supposed to have
any claim at the time of the sale. That there was supposed, at the time, to be
an absent heir, but *Phillips* was willing to take the title in *Henderson*, and risk
the claims of the absent heir, who was supposed to be dead, and *Phillips* said at
the time when he obtained *Henderson's* title, his, *Phillips'* title would be per-
fect." If this witness had been called to prove that it was understood and ac-
knowledged by the contracting parties at the time that *Henderson* was the owner
of the rights of all the heirs, or was himself the sole heir of *Fanny Wallace*, leg-
atee of *S. C. Phillips*, his testimony to that effect would have been admissible;
but as the testimony stands it tends to contradict and change the written agree-
ment. Under that agreement the title was to be deemed complete when the de-
fendant should have obtained the claims of all the heirs of *Fanny Wallace*; but
according to the parol testimony the purchaser was to take the risk of the out-
standing claim of an an absent heir.

With regard to the claim of $329 for moveables sold, the evidence is also de-
fective. It perhaps approaches to proof of an agreement to purchase; but there
is no proof of delivery by the vendors.

WILSON
v.
PHILLIPS.

We can only account for the verdict of the jury in favor of the plaintiff, upon the supposition that they acted upon their own knowledge with regard to the controversy, beyond the evidence offered at the trial.

It is therefore, decreed that the judgment of the District Court be reversed, and that there be judgment as in case of non-suit, the plaintiff paying the costs in both courts.