## KLEIN *v.* DINKGRAVE et al.

An agent is a competent witness for his principal; his relation to the latter being merely a matter to be considered in estimating his credibility.

Whether a conviction and sentence for felony in another State of the Union will, or will not, render a witness incompetent in the courts of this State, it is clear that any such disability will be removed by a pardon, where the disability was not annexed to the conviction of the crime by the express words of a statute.

Parol evidence is admissible to prove the consideration of a due bill, silent as to the consideration. The evidence cannot be considered as contradicting the terms of the written instrument.

APPEAL from the District Court of Ouachita, *Copley, J. M'Guire* and *Ray*, for the plaintiff. *R. W. Richardson*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. The defendants are sued upon a due bill, signed by them, and payable to *John M. Crownritch*, or order. It is endorsed as follows: "Pay the within to *N. Klein*, for whose account the within was taken. *J. M. Crownritch.*" The plaintiff, in addition to the usual averments, alleged, "that *Crownritch* transferred the note to him by writing on the back of it the words abovementioned, that he acted merely as the plaintiff's agent in taking the note, and that the same is now, and always has been, the plaintiff's property.

The defence set up by the defendants is, that the transfer of the note to *Klein* was fraudulent and collusive, and made for the mere purpose of preventing *Dinkgrave* from setting off certain notes made by *Crownritch*, of which *Dinkgrave* is the holder by endorsement. The plaintiff meets this defence by asserting that a vehicle sold to *Dinkgrave*, for which the note was given, was his property, and was sold by *Crownritch* as his agent and for his account; and that *Dinkgrave* was aware of this when he made the purchase and gave the note.

Before considering this case upon the merits, it is proper briefly to notice certain points presented by bills of exception taken by the defendants. Whether on the face of the writing on the note unexplained, *Crownritch* was liable to *Klein* as an endorser, and, if so, whether he would be a competent witness in favour of *Klein* to prove that the vehicle belonged to *Klein*, and was sold for his account to the knowledge of the purchaser when he gave the note, are questions which it is unnecessary to decide. Under the allegations of the petition it is clear that *Crownritch* was not liable to the plaintiff as endorser, but was a mere agent. As such, and in a case like the present, he was a competent witness; and his relation to the party calling him was, at most, a mere matter to be considered in estimating his credibility.

It also appears that *Crownritch*, in a preliminary examination, acknowledged that he had been convicted in Mississippi of an infamous crime; but also stated, at the same time, that he had been pardoned. Whether or not a conviction and sentence for felony in another State of this Union would render a witness incompetent in a court of Louisiana, it is at any rate clear that such disability would be removed by a pardon, where the disability was not annexed to the conviction of the crime by the express words of a statute.

There was no legal objection to the admission of parol evidence to prove that the vehicle was the consideration of the note, that it belonged to *Klein*, that it was sold for his account, and that *Dinkgrave* knew those facts. This was not a contradiction of the terms of the note, in the sense of the Code; and it would be superfluous to cite authority to shew. with what liberality parol evidence is admitted to ascertain the equitable rights of the parties litigant in suits upon bills and notes.

KLEIN
*v.*
DINKGRAVE.

Relieved from the objections to the admissibility of evidence, which was properly disregarded by the court below, the case turned upon questions of fact, dependent upon the weight and credibility of conflicting testimony. All this must have been considered by the district judge who heard the witnesses. It is not our province to disturb the opinion of a district judge or the verdict of a jury with regard to questions of fact, unless where such opinion or verdict appears to us manifestly erroneous; which we are not able to say, in the present case.                                                                                                     *Judgment affirmed.*