## No. 1959.—Louis Selby *v.* Friedlander & Gerson.

A letter written by a creditor to his commission merchant, in which he agrees to remit the interest on his account against the merchant, when offered in evidence by the latter, the creditor can not be heard as a witness to show that he intended something different from that which its terms express. In a case of this kind, the party writing the letter can not be allowed to contradict or vary its meaning by parol testimony. The rule is well established that a party can not vary or destroy his voluntary agreement by other than written evidence.

APPEAL from Fifth District Court, parish of Orleans. *Leaumont,* J. *Richard Shackelford,* for plaintiff and appellee. *C. Roselius & Alfred Philips,* for defendants and appellants.

WYLY, J. Plaintiffs sued the defendants, his commission merchants, to recover the amount due him, as appears by the account current rendered by them, and other documents.

The defense is, that there was a remission of the interest.

The court gave judgment for the amount claimed, with eight per cent. interest. The defendants have appealed. The contest is only as to the interest.

The indebtedness accrued in 1861 and 1862. After the war, there was considerable correspondence between the plaintiff and the defendants. The latter insisting upon the abatement of the interest, expressed their willingness to pay promptly the principal. They were not willing to make the payment without a remission of the interest.

It appears that the plaintiff was very anxious to get at least part of what was due him, and, on the fifth of November, 1866, he wrote to the defendants that he needed $5000, which, he said, one of the defendants, Mr. Gerson, promised to let him have. He also stated:

"*Rest assured that I will remit the interest in advance.* Please answer this soon.

      "Your friend,                  Louis Selby."

On the eighth of November, 1866, the defendants replied, sending by express the required amount, stating:

"If you need more money, you can either draw for it, or we will send to you, as you shall get your money within five days' notice. *    *    *    We are certainly under great obligations to you for remitting the interest, and whenever we can serve you, you will find us as friends.

      "Yours truly,            Friedlander & Gerson."

On the tenth of November, 1866, the plaintiff, who resided at Memphis, wrote to the defendants, acknowledging the receipt of their letter of the eighth of that month, and also the receipt of the money.

On the trial the plaintiff offered his own deposition to contradict the letter then in evidence, in which he stated: "Rest assured that I will remit the interest in advance;" it was received, and the defendants excepted on the ground that it contradicted the written agreement contained in the letter.

We think the court erred in receiving the parol evidence. "The unbending rule of our jurisprudence ·is, that a party can not vary or destroy his voluntary agreement by other than written evidence, which includes answers to interrogatories on facts and articles." Lesseps *v.* Wicks, 12 An. 739, and the authorities there cited; also, Bartlett *v.* Estebene, 5 An. 315.

The case of Williams, administrator of S. S. Prentiss, *v.* Govey Hood, 11 An. 113, seems to be directly in point, where it was held that: "It is not competent for a party, against whom one of his letters is offered in evidence, to show by the parol evidence of the witness who wrote the letter for him, that he intended something different from what the letter expresses."

In that case the letter was written by his amanuensis and signed by Hood, yet he was not permitted by parol to alter or vary its terms. Here the letter was written by the plaintiff himself.

When the defendants sent the plaintiff the money he requested, they thanked him for remitting the interest. He acknowledged the receipt of the money and of the letter. It was brought home to him that the defendants accepted his proposition to remit the interest, and yet he retained the payment made under that agreement, and remained silent. We are constrained to believe that the interest was remitted, and the parties so understood it.

It is therefore ordered that the judgment appealed from be amended, allowing the plaintiff eight per cent. per annum interest only from judicial demand, and as so amended that it be affirmed. It is further ordered that the plaintiff pay costs of appeal.

Rehearing refused.