*tey,* 10 Ind. 102. It does not arise till judgment. *Potter* v. *Mayo,* 3 Me. 34, *Getchell* v. *Clark,* 5 Mass. 309; *Sweet* v. *Bartlett,* 4 Sandf. 661; *Foot* v. *Tewksbury,* 2 Vt. 97. See *Casey* v. *March,* 30 Tex. 180. Nor does it cover all compensation which may be due by special agreement, (*Ex parte Kyle* 1 Cal. 331; *Mansfield* v. *Dorland,* 2 Cal. 507; *Wright* v. *Cobleigh,* 21 N. H. 339; *Wells* v. *Hatch,* 43 N. H. 246; *Phillips* v. *Stagg,* 2 Edw. Ch. 108. Compare *Dennett* v. *Cutts,* 11 N. H. 163; *Fowler* v. *Morrill,* 8 Tex. 153;) and is limited to specific fees or disbursements taxed as costs, and included in the judgment. *Humphrey* v. *Browning,* 46 Ill. 477; *Rooney* v. *Second Av. R. Co.* 18 N. Y. 368; *Warfield* v. *Campbell,* 38 Ala. 527; *Forsythe* v. *Beveridge,* 52 Ill. 268. An attorney cannot obtain a lien on a decree rendered in a probate court on a guardian's final settlement. *McCaa* v. *Grant,* 43 Ala. 262. The lien is waived by procuring satisfaction of the judgment, and perfecting the client's title to land attached in the action. *Cowen* v. *Boone,* 48 Iowa, 350. An attorney cannot obtain a lien under the Oregon Code unless he has a special agreement as to the amount. *In re Scroggin,* 5 Sawy. 549. Lien on substitution of attorney. See *Carver* v. *U. S.* 7 Ct. Cl. 499; *Sup'rs* v. *Broadhead,* 44 How. Pr. 411; Id. 426; *Leszynsky* v. *Merritt,* 9 FED. REP. 688.—[ED.

---

## LAFITTE *v.* SHAWCROSS.

*(Circuit Court, E. D. Louisiana.* January, 1882.)

**1.** UNILATERAL CONTRACT—EVIDENCE.

Parol evidence is admissible to prove the consideration of a unilateral contract made in writing against the person seeking to enforce the same.

**2.** SAME—PRESUMPTIONS.

When a written contract is confined to one undertaking by one party, although a presumption arises, in the absence of proof to the contrary, that the parties expressed the whole of their intentions in respect to the subject-matter, yet that presumption may be rebutted by express evidence that what was so written was intended as a mere memorandum of one part or branch only of a mere general agreement; or it may be shown that a parol contract was made independently, wholly collateral to and distinct from a written one made at the same time. Where a written contract expresses no consideration, a consideration may be proved, even when it consists of a distinct contemporaneous verbal undertaking.

*Carleton Hunt* and *C. H. Lavillebeuvre,* for plaintiff.

*B. F. Jonas, I. S. Hyams,* and *D. C. & L. L. Labatt,* for defendant.

BILLINGS, D. J. In this case the plaintiff had been the agent of the defendant in the purchase of cotton. His commissions ordinarily had been ¾ per cent. upon the purchases. To recover these commis-

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

sions upon that basis this suit is brought. It appeared in evidence that some difference existed between the plaintiff and defendant as to what the commissions should be for the months of September, October, and November, 1880, and that on the eighteenth day of November the plaintiff handed to the defendant the following letter, signed by him:

"New Orleans, 18th November, 1880.

"*R. Shawcross, Esq.*—Dear Sir: Having conversed with you this A. M. upon your business, I will agree to charge you only three-eighths of 1 per cent. on all business done during the months of September, October, and November, 1880.

"I am very truly yours,                     James A. Lafitte."

This letter having been pleaded as a remission of all beyond the ⅜ per cent., and its writing and delivery having been admitted by the plaintiff, he offered to introduce parol evidence tending to show that during the conversation in which the agreement, as evidenced by the letter, was made on his part, and as the consideration of the same, the defendant agreed to continue him as his agent, which last agreement the defendant had violated. The court excluded the evidence, and judgment was given for the defendant, with leave to the plaintiff to move for a new trial at the present term.

The question is, can a party who executes a unilateral contract in writing, which does not recite the consideration, prove that the consideration of the contract was another and distinct verbal agreement or undertaking on the part of the person seeking to enforce the written contract?

I shall first consider the question in the light of the common-law authorities. The rule is universal that parol evidence is not permissible to contradict or vary the terms of a written instrument; but when, as here, the writing is confined to one undertaking by one party, although a presumption arises, in the absence of proof to the contrary, that the parties expressed the *whole* of their intention in respect of the subject-matter, yet that presumption may be rebutted by express evidence that what was so written was intended as a mere memorandum of one part or branch only of a more general agreement, or it may be shown that a parol contract was made independently, wholly collateral to, and distinct from, a written one made at the same time, Starkie, Ev. part 4, marginal paging 1049 and 1050. The case cited in the note is *Russell v. Dunskey*, 6 Moore, 233, where there was a written adjustment under a policy of insurance, and parol testimony

was admitted of a contemporaneous agreement to refund. The rule in England is well stated by Chief Justice Erle, in *Lindley* v. *Lacey,* 17 Com. B. 586, (112 Eng. Com. Law,) as follows:

"If the instrument shows that it was meant to contain the whole bargain between the parties, no extrinsic evidence can be admitted to introduce a term which does not appear there; but if it be clear that the written instrument does not contain the whole, and the jury find that there was a distinct collateral verbal agreement between the parties, not inconsistent with the written contract, the law does not prohibit such distinct collateral agreement from being enforced."

In *Tisdale* v. *Harris,* 20 Pick. 9, where the plaintiff had given a written agreement to buy property, the court admitted parol evidence to show upon what conditions the defendant was to sell.

In *Campbell* v. *McClenachan,* 6 S. & R. 171, the court held that parol evidence may be given of what passed between the parties at and immediately before the execution of a written instrument by one party, where a verbal promise made by the other party induced him to execute the instrument.

In *The Alida,* 1 Abb. Adm. 179, Judge Betts, after a consideration of the authorities, lays down the principle to be that the written instrument was binding, so far as it went; but that, as to such parts of the contract as were not embraced within the writing, parol evidence was admissible.

In *Potter* v. *Hopkins,* 25 Wend. 417, the court say: "Where a contracts rests part in writing and part in parol, oral proof is admissible to supply the deficiencies in the part written, if the contract be of such a nature as is not required to be in writing."

I think that it is clear from these authorities that, at the common law, the testimony is admissible.

The decisions in Louisiana are but an exposition of article 2276 of the Civil Code of Louisiana, which provides as follows: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before or at the time of making them, nor since." The rule thus laid down has been rigidly enforced in *Lynch* v. *Burr,* 7 Rob. (La.) 100; *Henderson* v. *Stone,* 1 Martin, (N. S.) 641; *Gould* v. *Bridgers,* 3 Martin, (N. S.) 692; *Wilson* v. *Phillips,* 4 La. Ann. 159; *Macarty* v. *Gasquet,* 11 Rob. 275; and in *Selby* v. *Friedlander,* 22 La. Ann. 381.

It is difficult to reconcile these cases with *Klein* v. *Dinkgrave,* 4 La. Ann. 540; *Delabigarre* v. *Second Municipality,* 3 La. Ann. 235; and *Saramia* v. *Courrege,* 13 La. Ann. 25. These last three cases hold

that parol testimony may be introduced to show, as between the parties, the cause (*i. e.*, the consideration) of the contract, even when they add to its terms. See, also, the views of the court in *Robertson v. Nott*, 2 Martin, (N. S.) 125.

What the plaintiff here asks to prove is the consideration, which was a separate undertaking. A careful study of all the authorities would lead me to the conclusion that if the consideration had been expressed in the written papers, under our law nothing could be added to the writing. But as no consideration is expressed, and the letter purports to be and is pleaded as a remission of a portion of a claim to ascertain whether it be operative, the court must ascertain whether it was in fact founded upon a consideration; for, according to Civil Code, art. 1893, an obligation without a cause can have no effect. Though an agreement may be valid without any expressed cause, a sufficient cause must be shown to exist or the letter would be of no effect. This necessitates the admission of the evidence as to the consideration of the promise or remission contained in the letter.

A new trial must, therefore, be granted.