**BLAKELY et al. v. BEARDEN.**

No. 19266.   Opinion Filed Nov. 5, 1929.

238

Edward Jordon, for plaintiffs in error.

Robson & Moreland, for defendant in error.

RILEY, J. The issue at bar is whether a person is a competent witness, in his own behalf in adversary proceedings, over objection, who stands convicted of perjury, but who enjoys a parole containing a restoration to "all the rights of citizenship."

The issue grew out of the suit below on a redelivery bond given by Blakely when he retained possession of property replevied by Bearden. Bearden prevailed in a judgment for the recovery of specific personal property and subsequently brought the instant action upon the redelivery bond for alleged default of delivery of the property therein described. Blakely and his sureties, as defendants, pleaded delivery and sought to prove a tender of the property by the witness Blakely. The plaintiff below objected to the witness testifying upon the ground that he had been convicted of perjury in the courts of this state. Counsel for Blakely admitted the fact, but offered in evidence a parole which had been issued the witness subsequent to his conviction, which document, after reciting the judgment of conviction of perjury and declaring a parole, continued as follows:

"I hereby restore unto said S. P. Blakely all the rights of citizenship."

It was thereupon contended that the competency of the witness was restored.

The trial court declined to admit Blakely's testimony, and judgment was rendered for plaintiff, Bearden.

Section 1642, C. O. S. 1921, provides:

"No person who has been convicted of perjury or of subornation of perjury shall thereafter be received as a witness in any action, proceeding, or matter whatever upon his own behalf; nor in any action or proceeding between adverse parties against any person who shall object thereto, until the judgment against him has been reversed. But where such person has been actually received as a witness contrary to the provisions of this section his incompetency shall not prejudice the rights, innocently acquired, of any other person claiming under the proceeding in which such person was so received."

This statute is not of modern origin, but reverts to Eliz. ch. 9, section 6, which provided that when a person was convicted of perjury under that article "the oath of such person or persons so offending from thenceforth shall not be received in any court of record within the realm of England and Wales, or the marches of the same, until such time as the judgment given against the said person or persons shall be reversed by attaint or otherwise."

The disqualifying provision of the statute is positive and irrevocable, except by a definite, exact, and specified condition, which is the reversal of the judgment of perjury rendered against such a person.

The issue occasions the inquiry as to whether by judicial decision we will write into the statute an additional provision, viz., "or until paroled or pardoned." The answer to that inquiry is dependent upon whether the statute constitutes a penalty imposed upon a convicted perjurer or whether the act is a rule of evidence or both.

We are not concerned with the effect, in this regard, of a conviction of an infamous crime such as treason, felony, or any of the crimen falsi, nor with the rule at common law, for our courts are committed to the doctrine that "no person shall be disqualified as a witness in any civil action or proceeding by reason * * * of his conviction of a crime. * * *" Price v. State, 9 Okla. Cr. 359, 131 Pac. 1106.

That doctrine is based upon the statute, section 585, C. O. S. 1921. Martin v. Terr., 14 Okla. 598, 78 Pac. 88. The one exception is conviction of the crime of perjury:

"The fact that a person may have been convicted of any felony **except that of perjury** does not disqualify him from testifying as a witness in the courts of Oklahoma." Price v. State, supra.

There is reason for the exception contained in the statutes (sections 585 and 1642, supra), for, as expressed by the text-writers, such a person (a perjurer convict) is adjudicated to be so reckless of the distinction between truth and falsehood and so insensible to the restraining force of an oath as to render it extremely improbable that he will speak the truth at all.

Since, therefore, by force of statute, conviction of perjury disqualifies the convict in such a case as presented, we must consider whether the parol or conditional pardon, reciting a restoration to all rights of citizenship, had the effect of removing the disqualification from testifying in his own behalf.

Primarily, and as applied to felonies in general, restoration to all the rights of citizenship had no application to the privilege of testifying, "but applies to other civil rights." Martin v. Terr., supra. For that, as heretofore pointed out, as an exception to the common-law rule, by force of our statute, conviction of a felony, in general, does not disqualify one as a witness. It is to be noted that the Governor has not attempted to specifically remove the disqualification of Blakely.

Where, as at common law, the disability is in consequence of the judgment, a pardon restores competency as a witness, but where the disability is annexed by express words of the statute, the executive clemency extended the convict does not restore competency as a witness. Evans v. State, 7 Baxter (Tenn.) 12.

The Tennessee case cited sets forth the reason for the rule:

"The distinction seems to be this: That that part of the statute which declares persons convicted of certain offenses, infamous and incompetent as witnesses, notwithstanding it is part of the punishment, is also a rule of evidence, and this rule of evidence remains unchanged by the executive pardon. We find no conflict of authority upon this question in the elementary writers." 47 L. R. A. (N. S.) 210 (note).

And further:

"The purport of the authority we have referred to is that this is not interfering with the constitutional power of the Governor to grant pardons; that the Governor may pardon the offense, and this relieves the party of punishment. Still the Legislature may, independent of this, upon grounds of policy, decree such persons incompetent witnesses; although it is in one sense a punishment, it is a question in which others are interested."

Such rule finds support in Houghtaling v. Kelderhouse, 1 Park. Cr. Rep. (N. Y.) 241; Holridge v. Gillespie, 2 Johns, Ch. (N. Y.) 30; Klein v. Dinkgrave, 4 La. Ann. 540. Contra: Diehl v .Rodgers, 169 Pa. 316.

The New York case cited is an exact parallel to the case at bar, and contains the following reasoning:

"But though the Legislature of our state has no authority to grant a pardon for perjury, it has full power to say who shall be competent witnesses. It may by statute admit or exclude any class of persons, such as parties or persons interested, or those convicted of crimes. The admissibility of all witnesses is a matter entirely within legislative control and subject to its regulation. It is true the disqualification of a person convicted of perjury may operate, to some extent, as a punishment of the convict. But whether such testimony shall be received is a question in which others have a much larger interest. It is a question of public policy with regard to which there may well be differences of opinion. On the one side, it may be said parties ought not to be deprived of such testimony, at the hazard of being unable to establish a legal right. On the other hand, it may be urged that such testimony would be dangerous to the rights of litigants, and unsafe in the administration of justice. The Legislature, in deciding this question, have regarded the latter argument as outweighing the former, and have excluded the evidence. And although this disqualification has been regarded as part of the judgment, yet I think it not merely a penalty for the offense, but an enactment of a rule of evidence within the legislative jurisdiction and beyond the reach of an executive pardon. I concur entirely in the view on this subject expressed by a writer in the American Jurist (11 Am. Jurist, 360), who says, 'But although an incapacity to testify, especially considered as a mark of infamy, may really operate as a severe punishment upon the party, yet there are other considerations, affecting other parties, which may well warrant his exclusion from the halls of justice. It is not consistent with the interests of others, nor with the protection which is due to them from the state, that they should be exposed to the peril of testimony from persons regardless of the obligation of an oath: and hence on grounds of public policy, the Legislature may well require that, while the judgment itself remains unreversed, the party convicted shall not be heard as a witness. The statute of Elizabeth itself seems to place the exception on the ground of a rule of evidence and not on that of a penal fulmination against the offender. The intent of the Legislature appears to have been not so much to punish the party by depriving him of the privilege of being a witness or a juror, as to prohibit the courts from receiving the oath of any person convicted of disregarding its obligation."

And again:

"This view of the law is taken in 1 Greenleaf's Evidence 378 (note) and was acted upon by Chancelor Kent in Holdredge (Holridge) v. Gillespie (2 Johns, Ch. Rep. 35), who excluded the deposition of a witness that had been convicted of perjury, though he had been pardoned by the governor, on the ground that the statute declared him incompetent till the judgment was reversed. The statute then in force (1 Rev. Laws, 171) was similar to the provision of the revised statutes above quoted."

In the case of Henton v. Com., 134 Ky. 511, 121 S. W. 434, a statute similar to ours was upheld. In Weber v. State, 18 Okla. Cr. 421, 195 Pac. 510, it was held extra-territorial effect would not be given the statute, i. e., the statute did not bar one from testifying who had been convicted in another state.

We conclude that section 1642 constitutes, at least in part, a rule of evidence. Such a rule of evidence is reasonable, and ought therefore to be followed by the judicial branch of government. Since the statute constitutes a rule of evidence, the act of executive clemency containing a general restoration to civil rights did not and could not have the effect of qualifying the witness.

Judgment affirmed.

LESTER, V. C. J., and HEFNER, SWINDALL, and ANDREWS, JJ., concur. CLARK and CULLISON, JJ., dissent. MASON, C. J., disqualified, not participating. HUNT, J., absent.

Note.—See under (1) anno. L. R. A. 1917F, 899; 25 A. L. R. 338; 28 R. C. L. p. 457; 5 R. C. L. Supp. p. 1540; (2) 47 L. R. A. (N. S.) 210; 28 R. C. L. p. 460. See "Witnesses," 40 Cyc. p. 2209, n. 15; p. 2242, n. 75.