**Jerry Wayne FOX, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–14977.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1969.

Jerry Wayne Fox, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Jerry Wayne Fox, presently confined in the Oklahoma State Penitentiary, has petitioned this court for a writ of habeas corpus alleging that the judgment and sentence pursuant to which he is presently incarcerated resulted from an illegal arrest, illegal search and seizure, and an improper preliminary hearing in which there was no probable cause shown that Petitioner had committed the crime alleged.

The appearance docket indicates that Petitioner was charged with robbery with firearms after former conviction of a felony in Case No. 22238 in the District Court of Tulsa County, Oklahoma. Petitioner was represented by a retained counsel, Mr. H. Gene Seigel, and on December 5, 1966, Petitioner with counsel

came before the court and withdrew his former plea of not guilty and entered a plea of guilty. The appearance docket reflects that after a ten year sentence had been imposed the defendant waived his right to appeal and requested immediate execution of sentence.

■ This court had held that the allegation of procedural errors prior to time of entering a plea in district court, such as illegal search, do not support the grant of a writ of habeas corpus where it appears that the Petitioner while represented by counsel withdrew a plea of not guilty and entered a plea of guilty, Gates v. District Court of Payne County, Okl.Cr., 425 P.2d 1008. In Parker v. State, Okl. Cr., 330 P.2d 1049, this court held in the third paragraph of its syllabus:

"The entire preliminary proceedings may be waived in the trial court, and are waived by failure to file motion to quash or set aside as provided by the statute before entering a plea on the merits."

■ Therefore, Petitioner's allegations of an illegal arrest, illegal search, and improper preliminary hearing, are without merit in a habeas corpus proceeding even if true since Petitioner while represented by counsel failed to raise such errors before withdrawing a plea of not guilty and entering a plea of guilty to the charge. For the foregoing reasons the writ of habeas corpus is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.