**Jessie BLOCK, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A-15861.**

Court of Criminal Appeals of Oklahoma.

June 30, 1971.

6. See: 60 O.S.1961, § 156, and § 175.7.

Dennis L. Pope, Enid, for petitioner.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., Virgil R. Ball, Dist. Atty., for respondent.

## MEMORANDUM OPINION

NIX, Judge:

This is an original proceeding in which petitioner, Jessie Block, has filed for a Writ of Habeas Corpus alleging the illegality of his confinement by respondent in the Oklahoma State Penitentiary under a Life sentence for Rape, imposed in the District Court of Garfield County, Case No. 1654, on January 14, 1937. Petitioner contends that:

(1) He was not advised of his constitutional rights, including counsel,

(2) He was denied a preliminary examination; and,

(3) His plea of guilty was involuntary, and inadvisedly entered.

A plea of guilty, voluntarily and intelligently made, constitutes waiver of all preliminary non-jurisdictional defects, including a preliminary examination. Ledgerwood v. State, Okl.Cr., 455 P.2d 745 (1969). Gates v. District Court, Okl. Cr., 425 P.2d 1008. Fox v. Page, Okl.Cr., 450 P.2d 239 (1969). Thus, the essential question herein is whether the petitioner voluntarily and intelligently entered his plea of guilty.

To determine this question, we directed the District Court of Garfield County to conduct an Evidentiary Hearing, and to make findings of fact on the issues raised. The hearing was held on April 28, 1970, before Judge J. Russell Swanson, with the petitioner present and represented by court-appointed counsel, Mr. Dennis Pope.

Although the sentencing judge, J. W. Bird, and the arresting officers were deceased, several witnesses were called, both for the petitioner and for the state.

Petitioner, a Negro, testified that he was arrested by Enid Police Officers, Vogt and Duncan. Duncan was a Negro, who, according to petitioner, threatened to kill petitioner if he did not plead guilty. Petitioner further testified that he was not told of his right to a preliminary hearing, or that he could have an attorney. There was no evidence corroborating petitioner's testimony.

The state called Hugh Conway, who was the assistant county attorney that prosecuted petitioner in 1937. Conway testified that he took a confession from petitioner in 1937, which was reduced to writing, signed by petitioner, and witnessed by Conway and three police officers. The confession was admitted in evidence at the evidentiary hearing. Conway recalled no mistreatment or coercion. Conway stated that it was the sentencing judge's "usual procedure" to fully advise a defendant of his rights, including a jury trial, the right to an attorney, and "that an attorney would be provided for them" if the defendant had no money. Conway believed these admonitions were made by Judge Bird in petitioner's 1937 case.

The state also called Congressman Page Belcher, who was the court clerk at the time petitioner entered his guilty plea. Belcher did not specifically recall whether petitioner was asked if he wanted an attorney. However, Belcher, who was present in the courtroom during the plea, stated that the plea "appeared to me to be completely voluntary."

The judge at the evidentiary hearing made findings which we note in relevant part as follows:

"The court also finds that the defendant, Jessie Block, knowingly, understandingly and voluntarily waived counsel, and that no showing was ever made that he was a pauper and would have been entitled to appointment of counsel, even if it had

been requested. In fact, there has been some proof to the opposite; that he was an employed man, regularly employed and could have employed counsel, if he so desired. The court further finds that the defendant, Jessie Block, knowingly, understandingly and freely entered a plea of guilty to the charge of first degree rape, * * * The court finds as a fact in this proceeding that the plea of guilty was legally and properly entered and accepted and that the sentence passed was legally and properly entered and imposed."

We are of the opinion that the findings of the trial court are supported by the evidence, and concur in the finding that the petitioner voluntarily and intelligently entered a plea of guilty after having waived counsel. Accordingly, we hold that the judgment and sentence imposed on the petitioner's plea of guilty is valid and that there is no basis for granting petitioner's release from confinement thereunder. Writ denied.

BUSSEY, P. J., and BRETT, J., concur.