**Leroy LUNA, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. PC–73–73.**

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1973.

Don Hamilton, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

This is an appeal from a denial of post conviction relief in the District Court of Hughes County, Oklahoma, Case No. 2826. Appellant, hereinafter referred to as defendant, was charged in Hughes County on August 25, 1954, with the offense of Child Abandonment. On August 27, 1954, defendant, without benefit of counsel, entered a plea of guilty to the charge and was sentenced to five (5) years imprisonment, said sentence being suspended.

After complete execution of the sentence and on March 7, 1973, the defendant filed his Application for Post-Conviction Relief alleging numerous technical defects in the 1954 proceedings and that the defendant had not been represented by counsel, had not knowingly and willingly waived preliminary hearing and had not been advised of his constitutional rights or his right to appeal.

At the conclusion of a full evidentiary hearing, the trial court made essentially the

following findings of fact and conclusions of law:

"It is the conclusion of the Court that the defendant was properly informed of all the necessary constitutional rights at his appearance in District Court; that he effectively waived any and all rights, including any defects in procedure and entered an effective plea of guilty and was properly sentenced thereon. That for the reasons as set out herein the application should be and the same is in all things denied."

From said denial the defendant perfected this appeal.

The first issue which must be determined by this Court is one of whether the defendant is entitled to an adjudication under the Post Conviction Relief Act as to the validity of the 1954 judgment and sentence since the sentence has been wholly executed.

The Post Conviction Relief Act, 22 O.S. 1971, §§ 1080–1088, contains no requirement that an applicant be in custody, under any form of restraint or supervision, or that the sentence be unsatisfied in any respect; § 1080 providing as follows:

"Any person who has been convicted of, or sentenced for, a crime and who claims:

"(a) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state;

*     *     *     *     *     *

"(e)  *  *  *; or

"(f) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy;

may institute a proceeding under this act *  *  *."

It is obvious that a person convicted of a crime who has satisfied the judgment and sentence may be subject to collateral legal consequences which are not negated by an executive pardon. For example, 21 O.S. 1971, § 506 provides that no person who has been convicted of perjury shall thereafter be received as a witness. In Blakely v. Bearden, 139 Okl. 237, 281 P. 952, this Court held that § 506 is a rule of evidence which remains unchanged by executive pardon. Other examples are the proof of a prior conviction to impeach a witness; the proof of "good moral character" to obtain American citizenship; and the application of the Oklahoma second and subsequent offense statutes.

The United States Supreme Court in Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917, (1968), has held that:

" *  *  * a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *  *  *"

The Court then went on to state that:

"*  *  * it is far better to eliminate the source of a potential legal disability than to require the citizen to suffer the possibly unjustified consequences of the disability itself for an indefinite period of time before he can secure adjudication of the State's right to impose it on the basis of some past action. *  *  *"

■ Therefore, for the reasons set out above, this Court holds that the question is not moot and the defendant may properly apply for relief under the Post Conviction Relief Act even though his sentence has been wholly executed.

■ The defendant's first proposition in error urges that the form of the Findings of Fact and Conclusions of Law was improper. Defendant cites no authority or cases in support of his allegation and the proposition is for that reason without merit.

■ The defendant's last contention is that at the time of the original judgment and sentence, the defendant was not represented by counsel, that he entered an involuntary plea of guilty and that his plea was

not based on sound counsel and advice. An examination of the record reflects that, although the original judgment and sentence was silent on its face concerning defendant having been represented by counsel and advised of his rights, the minutes show the defendant had been duly informed of his constitutional rights, waived time to plead and the reading of the information and entered a plea of guilty.

The transcript of the evidentiary hearing shows that the District Judge who received the defendant's guilty plea testified that, although he did not recall the specific case, it was his standard procedure to advise each defendant of his rights, including his right to counsel, before accepting a guilty plea. The Assistant County Attorney who prosecuted the case also testified that it was his standard procedure to discuss the complaint with a defendant before a guilty plea was entered, although he could not independently recollect the instant case.

The defendant testified that after his arrest he was held in jail for two days and then taken directly before the trial judge. Defendant then testified that he could not recall being advised of his rights and that he was not allowed to say anything although he did admit entering the guilty plea.

This Court has held on numerous occasions that the minutes of a trial court will be given great weight. Parra v. Page, Okl.Cr., 430 P.2d 834. Considering the minutes, the testimony and the record as a whole, we cannot say that the trial court abused its discretion in denying the post conviction relief prayed for since there is sufficient evidence in the record of the evidentiary hearing to support the trial court's findings. Therefore, the judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in part, and dissents in part.

BRETT, Judge (concurs in part, and dissents in part):

I concur in the first part of this decision which finds that defendant is properly before this Court; and that his former conviction may be considered under post conviction remedy proceedings.

However, I must respectfully dissent to that part of this decision which finds that defendant's plea of guilty was knowingly and intelligently entered; and that defendant's plea is supported by the trial court's minutes. The court minute entered August 27, 1954, in case number 2826, recites the following:

"Defendant appeared in person in open court. Was duly informed of his constitutional rights. Waived time to plead; waived reading of information and entered a plea of guilty. Upon recommendation of Assistant County Attorney John R. Turner, defendant sentenced to serve 5 years in the State Penitentiary at McAlester, Oklahoma. It is the judgment and sentence of the Court that said defendant serve 5 years in the State Penitentiary, at McAlester, Oklahoma., said sentence to be suspended on good behavior."

Defendant's complaint in this proceeding is that he was not represented by counsel; and that he involuntarily entered his plea of guilty to the charge of child abandonment. As I interpret the laws the foregoing minute is not sufficient to show that defendant was properly informed of his right to have legal counsel, and that he knowingly and intelligently waived that right prior to entering his plea of guilty.

Defendant was arrested on August 24, 1954, on a Justice of the Peace warrant issued June 24, 1954. On the same date the warrant was issued, defendant's wife filed a petition for divorce. The arrest occurred when defendant returned from California to visit his children in Atwood, Oklahoma. At the time of his arrest, defendant was twenty-four years of age, a truck driver, and possessed a fifth grade education. Defendant testified that he was wearing a body-cast at the time of his arrest, because of a logging accident which

# 1402

occurred in California; that he had given his wife the total sum of One Thousand Dollars ($1,000.00); and that he was receiving the sum of thirty-five Dollars ($35.00) each week from his compensation allowance. On September 1, 1954, after his purported trial, defendant executed a Waiver of Appearance in the divorce proceedings. Defendant also testified that he was not aware of the fact that he had actually been convicted of a felony, until recently.

The question presented herein is: "Does the record sufficiently show that defendant after waiving his right to counsel knowingly and intelligently entered his plea of guilty?" I believe it does not show defendant's plea to have been so entered.

The court minute which recites, "Defendant . . . was duly informed of his constitutional rights" does not presume to indicate that those rights were explained to defendant. The explanation of the constitutional rights, and especially a defendant's right to counsel in felony cases, has been the law in Oklahoma since statehood. An extensive discussion of the right to counsel can be found in this Court's decision in Jackson v. State, Okl.Cr., 316 P.2d 213 (1957). In *Jackson,* this Court quoted from Ex parte Cornell, 87 Okl.Cr. 2, 193 P.2d 904 (1948), as follows:

"Under Bill of Rights (Art. 2, § 20 Okl.Const.) an accused has the right to consult with counsel and to be fully advised as to his rights and as to the consequences of his act before entering his plea to the indictment or information.

"A plea of guilty should be entirely voluntary, and should be made by one competent to know all the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea."

"A waiver of the constitutional right to assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial." Jackson v. State, supra. "Presum-

ing a waiver of counsel from a silent record is impermissible; the record must show, or there must be an allegation and evidence which show, that the accused was offered counsel, but intelligently and understandingly rejected the offer." Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "A defendant who pleads guilty is entitled to the benefit of counsel, and a request for counsel is not necessary." Carnley v. Cochran, 369 U.S. 506, 515, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). See also: Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

There was no specific testimony offered to show that defendant was offered legal assistance, when he entered his plea, except that the trial judge testified that it was his custom and practice to make such offer. However, that offer does not appear in the trial records; and the record of post conviction hearing in this case is not sufficient to support the state's contention that defendant knowingly and intelligently entered his plea of guilty. As I view the record presented to both the trial court and this Court, the judgment and sentence is void and should be vacated.

Therefore, I am compelled to dissent to that part of the majority decision, which finds that the plea of guilty was properly received.