**William Bobby BATTLE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18178.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1973.

Thomas G. Smith, Purcell, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

This is an appeal from a denial of post-conviction relief in the District Court of McClain County, Oklahoma, Case No. 2684. Appellant, William Bobby Battle, hereinafter referred to as defendant, was charged in the District Court of McClain County on October 8, 1956, with the offense of Robbery in the First Degree. On October 13, 1956, defendant appeared before the Honorable Louie W. Beck, Justice of the Peace, in and for McClain County, at which time he was informed of the charge, waived appointment of counsel, and waived preliminary hearing. Subsequently, on October 31, 1956, defendant was arraigned in the District Court of McClain County before the Honorable Elvin J. Brown, and requested an additional twenty-four (24) hours within which to plead. On the evening of October 31, 1956, defendant escaped from the McClain County Jail and was not returned to the custody of the Sheriff of said county until October 16, 1957.

The record indicates that defendant was again arraigned before Judge Brown on October 16, 1957, at which time counsel was appointed and arraignment continued until October 18, 1957.

On the 18th day of October, 1957, defendant appeared in court, represented by counsel, and entered a plea of "not guilty." The court ordered the case set on the next jury trial docket. Thereafter, on November 13, 1957, defendant appeared in court, represented by counsel, and interposed no objection to the State's request to file an Amended Information, waived the reading of the Amended Information, and entered a plea of "guilty" to the Amended Information. At this time judgment was ren-

dered against defendant and he was sentenced to five (5) years imprisonment.

On November 14, 1957, defendant began serving his sentence at the state penitentiary and did not perfect an appeal to this Court from said judgment and sentence.

After complete execution of the sentence and on September 5, 1972, defendant filed his application for post-conviction relief in the District Court of McClain County, alleging numerous constitutional defects in the 1956 and 1957 proceedings. An evidentiary hearing, pursuant to defendant's application, was held in McClain County District Court on December 13, 1972, at which time the relief requested by defendant was denied. The denial was supported by the trial court's findings of fact and conclusions of law. From said denial, the defendant perfected this appeal.

Defendant first asserts that the trial court committed error by finding in its conclusions of law that:

"5. . . . the sentence imposed upon the defendant, William Battle, by the District Court of McClain County, Oklahoma, on November 13, 1957, has expired and the defendant has served said sentence and is not now confined by virtue of said sentence, and, by law, is not entitled to an adjudication as to the validity of the judgment and sentence entered herein on November 13, 1957 . . . ."

■ In Luna v. State, Okl.Cr., 513 P.2d 1399 (1973) we stated:

"The Post Conviction Relief Act, 22 O. S.1971, §§ 1080–1088, contains no requirement that an applicant be in custody, under any form of restraint or supervision, or that the sentence be unsatisfied in any respect."

Since defendant was confined as a habitual criminal using the judgment herein attacked, he was subjected to collateral legal consequences on the basis of the challenged conviction. · Hence, defendant properly applied for relief under the Post Conviction Relief Act even though his sentence had been wholly executed.

Defendant further contends that "nearly every state and federal statutory and constitutional right" of his was violated in obtaining his conviction. Specifically, defendant asserts that he was never advised of his right to appeal; that he was not properly advised of the consequences of his plea of "guilty;" that he did not waive trial by jury; that he was denied his right to confront his accusers and cross-examine them; that he was denied his right to counsel; that his right to be taken before a magistrate within a reasonable time after arrest was violated; and, that his right to a preliminary hearing never materialized.

■ An examination of the transcript of the proceedings before the Justice of the Peace in and for McClain County reflects that the preliminary Information was read to defendant and that he waived his right to preliminary hearing and to counsel, and entered a plea of "not guilty." The record further discloses that the defendant waived the reading of the Information against him when he was arraigned in District Court on October 31, 1956, and requested twenty-four (24) hours in which to plead. That night defendant escaped. It wasn't until October 16, 1957, that defendant was again before the District Court. At that time counsel was appointed to represent defendant. Two days later defendant entered a plea of "not guilty." Approximately one month after defendant's "not guilty" plea, an Amended Information was filed, with no objection by defendant, and defendant changed his plea to "guilty" to the said Amended Information. The transcript of the evidentiary hearing shows that the District Judge, who received the defendant's guilty plea, testified that, although he did not recall the specific case, it was his standard procedure to advise each defendant of his constitutional rights before accepting a plea of "guilty" or a plea of "not guilty." Considering the minutes, the testimony and the record as a whole, we cannot say that defendant was

not properly advised as to the consequences of his "guilty" plea or that defendant did not voluntarily enter said plea. Hence, defendant necessarily waived his right to trial by jury as well as his right of cross-examination and confrontation.

■ The record discloses that defendant was represented by counsel from October 16, 1957, to November 13, 1957, the date he entered his guilty plea. Irregularities, if any existed, in prior proceedings were waived by the defendant at the time he entered his plea of guilty. In Ledgerwood v. State, Okl.Cr., 455 P.2d 745 (1969), this Court stated in Syllabus number two:

"2. When the accused entered his plea of guilty, he waived any objections which he might have raised to any irregularities in the proceedings, except such as would go to jurisdiction."

This Court further stated in Fox v. Page, Okl.Cr., 450 P.2d 239 (1969):

" . . . allegation of procedural errors prior to time of entering a plea in district court . . . do not support the grant of a writ of habeas corpus where it appears that the Petitioner while represented by counsel withdrew a plea of not guilty and entered a plea of guilty."

■ Further, interrogation in the instant case occurred prior to the decisions of Escobedo v. Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). These decisions are not to be applied retroactively. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Hence, it cannot be said that defendant was denied his right to counsel during the proceedings or that he was denied his right to a preliminary hearing.

■ With regard to detention for some two days before being brought before a magistrate, defendant did not allege prejudice arising therefrom as required under Grimes v. State, Okl.Cr., 512 P.2d 231 (1973) and Brown v. State, Okl.Cr., 384 P.2d 54 (1963).

On the basis of the above and foregoing, we are of the opinion that defendant's constitutional and statutory rights, including the right to appeal, were not violated and that his second proposition of error must fail.

■ Defendant's last contention alleges that the Informations filed against him were faulty. Defendant asserts that the preliminary Information is invalid because his name was added by interlineation and that the Amended Information was invalid because it charged defendant solely with the crime, while the preliminary Information and the Information charged defendant and at least one other co-defendant with the crime. This Court has held that an Information may be amended in matter of form or substance where it can be done without material injury to the defendant. Bowen v. State, Okl.Cr., 497 P. 2d 1094 (1972).

The instant case discloses that defendant did not file a motion to quash any of the Informations herein attacked nor did he demur to any of them. The Informations were sufficient to inform the defendant of the charge for which he was to be tried. Therefore, since defendant did not show that he was harmed or prejudiced by said Informations, this proposition is found to be without merit.

On the basis of the foregoing, we find that there is sufficient evidence in the record and the evidentiary hearing to support the trial court's denial of post-conviction relief. Therefore, the judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.